Cargill *v.* Power.

---

## CARGILL *v.* POWER.

A mortgage containing a power of sale was given in January, 1847, and the mortgaged premises were advertised and sold under the power in July, 1848. Between the giving of the mortgage and the sale, the law regulating the time of redemption by the mortgagor was changed from two years to one year. It was held, that the law in existence at the time the mortgage was executed and delivered, was a part of the contract: that the mortgagor had two years from the sale to redeem in, and that the law in force at the time the sale took place, restricting the redemption to one year, was unconstitutional, so far as it respected mortgages in existence at the time the law took effect.

CASE reserved from Oakland Circuit Court.

*Van Dyke and Emmons,* for plaintiff.

*Joy,* for defendant.

*By the court,* MUNDY, J. This was in its inception an action to recover the possession of land under a summary proceeding in the county court of Oakland, authorized by section 3 of chapter 123 of the Revised Statutes, which, as one of the causes for such proceedings, is in this language: " When any person shall continue in possession of any premises sold by virtue of any mortgage or execution, after the expiration of the time limited by law for the redemption of such premises."

By the proceedings in the case, it appears that the plaintiff, the assignee of a mortgage executed in January, 1847, by the defendant to Myron Botsford and P. Dean Warner, purchased the premises at an

Cargill *v.* Power.

auction sale, under the power contained in the mortgage, in July, 1848 and received a deed for the same from the sheriff of Oakland county, with an endorsement thereon that the deed would become operative in one year from that time.

The proceedings, it is stipulated, were regular, and the only question reserved, is, has the mortgagor, under the law, one or two years for redemption? It is insisted, that, as the mortgage was executed after the passage of the Revised Statutes, but before they took effect, that the intention of the parties was, that the proceedings under the power to sell should be regulated, and their rights governed, by the provisions of the Revised Statutes.

No statute has, *ex proprio vigore*, any force until it becomes the law of the land. All persons are bound to know, and are supposed to know, what the law is: and as it is that which is to govern the actions and conduct of men, their contracts, it is to be presumed, are made in reference to it, unless the contrary is expressly shown.

It does not appear that the parties knew what were the provisions of the Revised Statutes: what alterations they had made in that which was the subject matter of their contract. They knew that there was a law in force regulating the time and mode of sale under the usual power contained in a mortgage—regulating, also, the execution of the deed of conveyance, and its operation and effect. With what propriety, then, can we say, that the legal presumption is, that their contract, in its very terms made in reference to the law, was not made in reference to the law in force, but in reference to one which might never take effect? This cannot be the legal presumption; and when we consider that at the time when the contract was made, the legislature was in session, and that in these days of multitudinous legislation there is no great stability in the law itself, I think it cannot be said that such is a rational presumption.

The Revised Statutes having given to the purchaser a right of action against the mortgagor continuing in possession of the mortgaged premises after the expiration of the time limited *by law* for their redemption, and the same statutes having reduced the time of redemption given by the law of 1844 from two years to one, it is necessary to consider the constitutionality of these provisions of the revised statutes, as they bear upon the inhibition in the constitution of the United States

Cargill *v.* Power.

against the enactment by a state legislature of any law impairing the obligation of contracts.

The counsel for the plaintiff insisted, in his argument, that the mortgage is but a remedy provided by the parties for the enforcement of their contract, and, like all other remedies, is subject to the reasonable control of the legislature. There is no doubt, that whatever belongs to the remedy may be altered according to the will of the state: provided, the alteration does not impair the obligation of the contract. This is the settled doctrine of the supreme court of the United States. 8 Wheaton 1; 1 Howard 316. But the remedy thus spoken of, is that which the law gives for the enforcement of contracts: within the meaning of which a mortgage security does not come. A mortgage contract is no more a remedy than the bond which accompanies it—they are both the evidence of and security for the indebtedness, and the one is as much subject to legislative alteration as the other: they are both the subject matter and the foundation of suits, and these suits as constituting the means of enforcing the one or the other contract, is the remedy afforded by the law.

The remedy is subject to legislative modification, the mortgage contract is not. Its terms were agreed upon by the parties, and they afford the rule for the measurement of the rights of mortgagor and mortgagee.

By the power contained in the mortgage, the mortgagee was authorized, upon non-payment of the money mentioned in the accompanying bond, to sell the mortgaged premises at public auction, and on such sale to execute to the purchaser a deed of conveyance in law, pursuant to the statute in such case made and provided. The statute thus referred to, and embodied in the mortgage, became as much a part of the contract as if the terms of its provision had been literally inserted therein. The statute provided, that the officer or person making the sale should execute the deed and endorse thereon the time when it would become operative in law, and deposit it with the register of deeds; that if the premises were not redeemed within two years, the register should deliver the deed to the purchaser; that the deed from the expiration of the time to redeem, should vest in the purchaser the mortgagor's interest in the premises, and that in case of redemption the register should destroy the deed.

It is impossible to read the mortgage in connection with the statute so incorporated in it, without seeing that mutual rights are provided for: that the agreement of the parties is, that if the mortgagee, in the enforcement of his rights, shall proceed under the power, that the mortgagor shall have two years from the time of the sale to redeem the premises: that until that time the deed is not to become operative, but is to remain as an escrow in the hands of the register of deeds of the county.

There is in this connection this further important consideration: that under this mortgage contract the mortgagor had the legal right, as against the mortgagee and all other persons, to continue in the possession of the mortgaged premises until his title thereto, by his failure to redeem, was absolutely gone. The act of 1843, continued in force by the Revised Statutes, prohibits the action of ejectment by the mortgagee before his title shall become absolute, upon a foreclosure of the mortgage. The right of the mortgagor, then, under his contract, is to remain in the quiet possession of the premises for two years after they shall have been sold under the power, within which time he may redeem.

This is not, as was said by counsel, a mere right of action, a remedy to re-obtain the title which he had conveyed away. It is a right of possession accompanied with the right, by an act *in pais*, to reinstate himself fully in all his original interest in the property. When, then, the legislature intermeddles and takes away from the mortgagor his legal right of possession for a year, they do not act upon any remedy which the law has provided; they act upon the agreement of the parties, and endeavour to give to a power an operation and effect different from the intention of the parties.

The object of the constitutional provision, it was said in Bronson v. Kinzie, 1 Howard 311, was to maintain the integrity of contracts, and to secure their faithful execution throughout the Union. The tendency and effect of the legislative provisions we have been considering are, to impair the integrity of this mortgage contract, and impose upon it an execution contrary to its meaning and the intention of the parties: and in my opinion we are in duty bound to pronounce them, so far forth, to be unconstitutional. As was said in Bronson v. Kinzie, of the act of the legislature of Illinois, giving to the mortgagor a right to redeem,

which he had not by the contract; so we must say of these provisions of our Revised Statutes; they appear to the court not to act merely on the remedy, but directly upon the contract: for as in that case the law engrafted upon the contract new conditions, injurious and unjust to the mortgagee, so in this, the law has altered the conditions of it, injuriously and unjustly to the mortgagor.

It must be certified to the circuit court of Oakland county, that in the opinion of this court, the mortgagor has two years after the sale to redeem the mortgaged premises.

*Certified accordingly.*