## NEGUS v. YANCEY & SMITH.

1. Tax sales: REDEMPTION. The time of redemption of real estate from tax sales is controlled and determined by the law under which it was *sold* for the non-payment of taxes, and not the law under which the taxes were *assessed*.

*Appeal from Jefferson District Court.*

WEDNESDAY, APRIL 10.

THIS controversy relates to the legal ownership of lots 1, 2 and 4 in block 6, of the Oakland addition to the town of Fairfield. In November, 1860, these lots were sold for the delinquent taxes of 1858 and 1859, being the property of Jesse Williams, and purchased by defendants, who, on the 14th of December, 1863, received a deed therefor from the treasurer of Jefferson county, the same

being unredeemed at that date. The sale of this property was carried upon, or otherwise noticed in the tax sale books.

Subsequently, in January, 1864, these lots were sold by the sheriff, on a judgment and execution against Williams, and purchased by one Higgins, who assigned the certificate of purchase to plaintiff, and he received a deed therefor from the sheriff, on the 19th of September, 1865. In the last named month and year, Smith quitclaimed all his interest in said property to his co-defendant. On the 7th of November, 1865, being short of five years from the date of the tax sale, the plaintiff offered to redeem the property, and made to the defendant, Yancey, a lawful tender of the amount of taxes and all the accruing interest thereon, which, being refused, he paid the same the following day to the treasurer of the county and took his certificate of redemption, and immediately instituted this suit, to have determined, upon the foregoing agreed facts, which of the parties had the better title. The court below ruled for the defense; and the plaintiff now challenges the correctness of the decision in this court.

*Negus & Culbertson* for the appellant.

*Stubbs & McCoid* for the appellee.

Lowe, Ch. J.—The revenue law, under which these taxes accrued and became delinquent, gave to the owner five years from the date of the sale, within which to redeem the property so sold for taxes.

1. TAX SALES: redemption.

This law, however, was repealed April 3d, 1860, without any saving clause as to the time of redemption, and replaced by a new revenue law of that date, which allowed only three years within which to redeem property sold for delinquent taxes. It was under this latter law that the property in question was sold for the taxes in arrear for the years 1858–9.

Negus v. Yancey & Smith.

The question arises whether the law, under which the taxes were assessed but not paid, or the law under which the property was sold for the non-payment thereof, is to control and determine the time of redemption. It is not understood that this particular question has been before us and determined heretofore ; nevertheless we feel that there can be no serious difficulty in settling the same. In this case, the law under which the taxes accrued was repealed before there was any attempt to sell for the delinquency. Now, if we say that the delinquent tax payer has the right to redeem, within five years, under the repealed act, then one of two consequences must follow : either that a redemption would take place without a sale (which would involve a legal absurdity) ; or a sale thereunder would be made without authority, because neither the power of sale nor the right of redemption was saved under the repealed act.

The right of redemption is secured only from the sale ; this occurred for the taxes in question under the law of 1860, which fixes the time of redemption at three years.

The competency of the legislature to change and modify, at all times, the provisions of its revenue law, is too clear to be questioned. If this change should impose new terms and conditions in the collection of the taxes already delinquent, upon what ground can the defaulting tax payer complain ?

He has no vested rights or privileges in the terms or provisions of the law under which he is a defaulter. We suppose, in the very nature of the case, the law of the sale must be the law to regulate the right of redemption, inasmuch as that must take place within a prescribed time from the date of the former. When these taxes were assessed and the sale occurred, Jesse Williams was the owner of the property, and remained such during the period that redemption was possible ; at the end of which

(so far as anything appears in this record) the defendant, being the purchaser at the tax sale, became the legal proprietor thereof. Subsequent to all this, the same property was sold at sheriff's sale on a judgment and execution against the same Mr. Williams. The purchaser at this sale, under whom the plaintiff holds, acquired no greater interest than Williams had at that date. But, as all of his right had been divested by the non-redemption of the property under the tax sale, so far as anything appears from the record before us, it follows that the defendant has the prior and better title to the property.

Affirmed.

DILLON, J., taking no part in the decision of this cause.