## NEGUS v. YANCEY & SMITH.

Tax sale: FAILURE TO NOTE SALE IN TAX BOOKS: NOTICE. The failure to note on the tax sale books, a tax sale, will not enable a subsequent purchaser at execution sale under a judgment against the former owner, to acquire a title paramount to that conveyed by the tax deed made pursuant to the tax sale, and which was recorded or filed for record at the time of the execution sale. Though it would seem in such case to be otherwise, if the deed was not filed for record, and the purchaser at the execution sale had no notice, actual or constructive, thereof.

*Appeal from Jefferson District Court.*

SATURDAY, DECEMBER 14.

*C. Negus* for the appellant.

*Stubbs & McCoid* for the appellee.

WRIGHT, J. — This case was affirmed in April last. See 22 Iowa, 57. Plaintiff and appellant asks a rehearing. An examination of the petition suggests a point raised in argument, but not passed upon in the former opinion.

The case was submitted on certain "agreed facts" in the court below. In addition to the facts stated in the

opinion, it appears that the tax sale " was never noted or placed on the tax sale books," and that when plaintiff attempted to redeem, in November, 1865, the treasurer made " a note thereof on the margin of the page in which the deed (under the tax sale as we understand it) to said property is recorded." And now the point which we are called upon to notice is, that the plaintiff, or his grantor, when he purchased, in January, 1864, at the sheriff's sale, had no notice of the tax sale or title, and that his title is therefore paramount.

The argument upon this point relates alone to the effect of the failure of the clerk to " note the sale on the tax sale books." And it will be observed that the want of notice in the agreed facts is placed alone upon this ground. In neither, is reference made to the *recording of the tax deed*, which was made in 1863, and before the sheriff's sale, but when filed for record does not appear. If before the sale, then it would operate as notice. As the case now stands, we cannot presume that it was after, and as a consequence, cannot hold that there was no notice. In other words, we cannot, upon the facts before us, hold that plaintiff has the better title to these lots. If these facts are not sufficiently full it is his misfortune. Should it be true that there was no note of the sale by the clerk, and the deed was not filed for record at the time of the sheriffs' sale, and there was no other notice actual or constructive thereof, at that time, then it would seem to follow that plaintiffs' title would be good. And adhering to the ruling made upon the point discussed in the former opinion, we still direct the affirmance of the judgment below ; but I am directed to say that plaintiff may, if he so desires, in a new action, show the want of notice as above indicated, any thing herein contained to the contrary notwithstanding.

Rehearing refused.