NORTHERN ROAD IMPROVEMENT DISTRICT v. MEYERMAN.

Opinion delivered October 5, 1925.

1. HIGHWAYS—COLLECTION OF ROAD DISTRICT TAXES.—Acts of 1921, p. 296, relating to the collection of road improvement taxes, applies to existing road districts as well as to those subsequently created.

2. HIGHWAYS—SALE OF LAND FOR IMPROVEMENT TAXES—REDEMPTION.—The act of March 23, 1921 (p. 296), shortening the period of redemption prescribed by Acts 1919, p. 1071, from five to two years, is a valid exercise of legislative power, so far as concerns sales made after passage of the former act.

3. JUDICIAL SALES—RIGHTS OF PURCHASERS.—A purchaser at a judicial sale becomes a party to the proceedings, and is entitled to such assistance from the court as is necessary to make the orders and decrees of the court effective.

Appeal from Arkansas Chancery Court, Northern District; *H. R. Lucas*, Chancellor; reversed.

*Robert E. Holt,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*M. F. Elms,* for appellee.

SMITH, J. Northern Road Improvement District of Arkansas County was created by special act No. 247, passed at the 1919 Session of the General Assembly (acts 1919, page 1071), and included two tracts of land owned by appellee. It was provided in this act that the owner of any lands delinquent for the non-payment of taxes might have five years after the sale of the land for the delinquent taxes in which to redeem from such sale, by paying the taxes, penalty, interest and costs.

At the 1921 session of the General Assembly, act No. 231 was passed. Acts 1921, page 296. This act was entitled "An act to facilitate the collection of the taxes of Road Improvement Districts," and by section 1 thereof a procedure was provided for enforcing the payment of delinquent taxes by a suit in the chancery court. This procedure contemplated a decree finding that the land was delinquent and condemning it to be sold, and that a commissioner should be appointed by the court to make the sale, and that a report of sale should

be made to and approved by the court, after which the commissioner should execute to the purchaser a deed. After so providing, it was further provided that "the owner of property sold for taxes therein shall have the right to redeem it at any time within two years from the date when his lands have been stricken off by the commissioners making the sale."

Appellee failed to pay the taxes which were properly assessed against his lands for the years 1920 and 1921. Suit was brought to enforce payment of these taxes under the act of 1921, and there was a decree condemning them to be sold, and, pursuant to this decree, the lands were sold, the sale was reported to and approved by the court, and a deed made to the purchaser. Appellee refused to surrender possession, and the purchaser applied to the court for a writ of assistance to obtain possession. Thereupon appellee brought this suit and alleged in his complaint that his time for redemption had not expired, and he prayed that the sheriff be enjoined from serving the writ of assistance, that the writ be quashed, and that he be allowed to redeem his lands.

Upon the trial from which this appeal comes the court held that the act creating the improvement district gave to appellee as landowner therein a vested right to redeem from the decree of sale for taxes at any time within five years, and that he could not be deprived of this right by the act of 1921, and the writ was quashed.

The purchaser has appealed, and the most important question presented is, whether the act of 1921, under which the decree was taken, is void in so far as it amends the act creating the improvement district, which allowed five years for redemption.

It is first insisted that it was not the purpose of the Legislature, in enacting the act of 1921, to make it apply to existing districts. But we do not agree with counsel in this contention. The act provides that "All taxes levied by road improvement districts in this State, whether organized under general or special laws, shall

be payable between the first Monday in January and the tenth day of April of each year," and in the same section in which the language just quoted appears is found the provision that the owner of property sold for taxes shall have the right to redeem at any time within two years from the date of the sale by the commissioners.

The language of this act appears to be too plain to leave any doubt that the Legislature intended its provisions to apply to all proceedings to enforce payment of delinquent taxes due the road improvement districts of this State, and to those then in existence as well as those subsequently created.

The next question to decide is, whether the Legislature had the power to do what it obviously intended to do, that is, shorten the period of time allowed landowners in which to redeem from sales for taxes.

As we have said, the court below held that appellee and all other landowners in the district created by the special act of 1919 had, by the terms of that act, a vested right to redeem any lands returned delinquent and sold at any time within five years from the date of the sale. Appellee insists that the court was correct in this holding, and that to hold otherwise would impair the obligation of the contract which the act of 1919 brought into existence between the improvement district and the owners of property therein, and would thereby violate the provisions of both the State and Federal Constitutions which prohibit the impairment of the obligations of contracts.

We do not agree with counsel in this contention. The organization of the improvement district was not a matter of contract. It was a proceeding *in invitum.* It was an exercise of the State's police power, and the Legislature had the power to provide such procedure as it saw proper to enforce the payment of delinquent taxes, and the granting of the right of redemption from a sale for delinquent taxes was a matter of grace, which might have been withheld.

The act of 1921 became a law on March 3, 1921, and the decree of sale of appellee's lands was rendered pur-

suant to its provisions, and the sale occurred in June following, and the act provided that the right of redemption might be exercised at any time within two years thereafter. The act did not undertake to shorten the time for redemption after the sale had been made.

The contractual rights of the parties under the sale did not become fixed as such until the sale by the commissioners had taken place, and therefore these rights were governed by the law as it existed at the time of the sale.

This question was considered by this court in the case of *Smith* v. *Spillman,* 135 Ark. 279, where the previous decisions of this court were reviewed, and the court there quoted from the case of *Hogg* v. *Nichols,* 134 Ark. 280, the following statement of the law: "We have examined the authorities carefully and find that the law regards and treats a judicial sale as contractual; and the laws of redemption in force at the time of the sale are a condition attached to the sale. In other words, the authorities seem practically unanimous in holding that the right to redeem from a tax sale is governed by the statute in force and effect at the time the sale was made."

As has been pointed out, there has been no shortening of the period of redemption since the sale. The law then in force has not been changed. That law gave a right of redemption for two years, which was not exercised. After the sale under this law the contractual rights of the parties thereto attached, and, as appears from the decision in *Smith* v. *Spillman, supra,* these rights are governed by the law in force at the time of the sale, and we have no discretion in enforcing them.

The power of the Legislature to amend the act of 1919 by shortening the period of redemption, as was done by the act of 1921, appears to be certain.

In the case of *Allen* v. *Peterson,* 80 Pac. 849, the Supreme Court of Washington said: "The statute of 1899 (Laws 1899, p. 285, c. 141) in express terms purports to amend the statute of 1897 (Laws 1897, p. 136, c. 71), and no reason is shown, and none is apparent to us, why

it is not effective as an amendment. Nor did the appellants have any vested rights in the remedy provided by the earlier statute. The Legislature has power from time to time to change the mode of enforcing collection of delinquent taxes, and may make such mode operative as to taxes due and delinquent. While, perhaps, it may not arbitrarily cut off a right to redeem that a property-holder who is delinquent then has, it may shorten such time, provided it leaves a reasonable time within which to exercise the privilege. The principle is akin to that of a statute which prescribes a limitation for bringing actions where none previously existed or shortens those already existing. Either is valid if a reasonable time is given by the new law to commence an action before the bar takes effect. *Terry* v. *Anderson,* 95 U. S. 628, 24 L. Ed. 365; *Wheeler* v. *Jackson,* 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659; *Woodham* v. *Anderson,* 32 Wash. 500, 73 Pac. 536; *Biggins* v. *People,* 106 Ill. 270; *Hosmer* v. *People,* 96 Ill. 58. The amendment in question here did not arbitrarily cut off the right to redeem, but only shortened it. It was therefore applicable to existing delinquent taxes."

The case of *Baldwin* v. *Ely,* 28 N. W. 392, involved the construction of a taxation statute of the State of Wisconsin, and the Supreme Court of that State there said; "The authority of the Legislature to shorten the time for redeeming from some of the certificates up to two years cannot be seriously questioned, under the numerous decisions of this court on the subject."

In the case of *Robinson* v. *Howe,* 13 Wis. 341, the Supreme Court of Wisconsin had previously said: "So far as his (the land owner's) right of redemption was concerned, it was not derived from any contract, but was given by the law only, and the time within which he might exercise it might be shortened by the Legislature, provided a reasonable time was left in which to exercise it, without impairing the obligation of any contract. *Butler* v. *Palmer,* 1 Hill, 324; *Smith* v. *Packard,* decided by this court at the present term (12 Wis. 371). But the rights

of the purchaser stand upon a different footing. They are derived from the contract, which the law authorized to be made. He contracted at the sale for a deed of the kind which the law then authorized him to contract for. That was an absolute deed at the end of three years, liable to be defeated only by a redemption before it was recorded.''

The case of *Keely* v. *Sanders,* 99 U. S. 441, involved the construction of a statute of the State of Tennessee whereby certain taxes were collected by a proceeding *in rem,* and Justice Strong, speaking for the Supreme Court of the United States, there said: ''While it may be admitted that a statutory right of redemption is to be favorably regarded, it is nevertheless true that it is a statutory right exclusively, and can only be claimed in the cases and under the circumstances prescribed. Courts cannot extend the time, or make any exceptions not made in the statute. Redemption cannot be had in equity (*Mitchell* v. *Green,* 10 Metc.) (Mass. 101), except as it may be permitted by statute, and then only under such conditions as it may attach.''

The question whether the right of redemption from a tax sale is contractual was considered in the case of *Muirhead* v. *Sands,* 69 N. W. 826, and the Supreme Court of Michigan there said: ''It is next contended that, if the law of 1893 be construed to apply to the taxes for the year 1891, it hastens the time of sale of lands delinquent for taxes, and cuts down the period of redemption provided by the previous law, and is to that extent unconstitutional, in that it violates section 1 of article 10 of the Constitution of the United States, prohibiting enactments by the State impairing the obligation of contracts, and article 6, section 32, of the Constitution of Michigan, in that it deprives persons of their property without due process of law. We think neither of these positions is tenable. A labored argument is made to show that the relation between the State and the owner of the land is a contract relation, for the reason that the taxes assessed became a debt to the township from the person

to whom they are assessed. But the proceeding is essentially *in invitum,* and the proceeding on a sale of land is a remedy for the delinquency of the taxpayer. The law affecting the remedy is in such cases subject to amendment, even though the time fixed for the sale or redemption be shortened. 25 Am. & Eng. Enc. Law, 410; Black, Tax Titles, § 353; *Baldwin* v. *Ely,* 66 Wis. 171, 28 N. W. 392; *Negus* v. *Yancey,* 22 Iowa, 57. Defendant relies upon *Cargill* v. *Power,* 1 Mich. 369, which case proceeds upon the view that the period of redemption on a mortgage sale, as fixed by statute at the time the mortgage was executed, is to be deemed a part of the engagement of the parties. No such construction can be placed upon the statute here under consideration. There was no agreement between the State and the taxpayer as to the period of redemption.''

In the case of *Rogers* v. *Nichols,* 71 N. E. 950, the Supreme Judicial Court of Massachusetts said: ''Although the lien which attaches to real estate upon a proper assessment of taxes thereon is commensurate with the extent of the title at the time, and may so continue until a sale is made, the right to redeem therefrom is not dependent upon the nature or extent of this lien, but is a separate provision, granted by the State for the benefit of those who may have been thus deprived of their property. It is within the power of the Legislature after an assessment has been made, and before the sale, to prescribe the conditions under which redemption may be had if the premises taxed are sold; and acts of this character are not considered unconstitutional as impairing any vested or contractual rights that might be acquired by a purchaser. As the plaintiff took his title subject to the law relating to redemption of lands from tax sales as it stood at the time of sale and not at the time of assessment, he cannot successfully maintain that his rights to property have been impaired by any statutory change made since his purchase.'' (Citing numerous cases).

In the case of *Negus* v. *Yancey*, 22 Iowa 57, the Supreme Court of that State said: "The competency of the Legislature to change and modify, at all times, the provisions of its revenue law is too clear to be questioned. If this change should impose new terms and conditions in the collection of taxes already delinquent, upon what ground can the defaulting taxpayer complain? He has no vested rights or privileges in the terms or provisions of the law under which he is a defaulter. We suppose, in the very nature of the case, the law of the sale must be the law to regulate the right of redemption, inasmuch as that must take place within a prescribed time from the date of the former." See also Black on Tax Titles, § 353; 37 Cyc. 1390; Cooley on Taxation (4th Ed.) Vol. 4, § 1550.

We conclude, therefore, that the court below was in error in holding that appellee had a vested right under the act of 1919 to redeem his land from any sale thereof which might thereafter occur for a period of five years, notwithstanding this statute had been subsequently amended to shorten that time, and, as the sale was had under the act of 1921, which allowed only two years to redeem after the sale, the provisions of that act must be applied in determining the right of a purchaser at such a sale to a deed.

It is finally insisted that, as appellant was not a party to the suit condemning the land for sale, he is not, for that reason, entitled to the writ of possession which issued in this case. It was held by this court, however, in the case of *Miller* v. *Henry*, 105 Ark. 261, that a purchaser at a judicial sale becomes a party to the proceedings and subject to the orders of the court, and he is therefore entitled to the benefit of such assistance from the court as is necessary to make the orders and decrees of the court effective. See also *Porter, Taylor & Co.* v. *Hanson*, 36 Ark. 591.

It follows, from what we have said, that the court erred in holding that appellee had the right to redeem

from the sale and in quashing the writ of possession, and the decree will be reversed, and the cause remanded with directions to award the tax purchaser a writ of possession.