## WALKER *v.* FERGUSON.

### Opinion delivered March 12, 1928.

1. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.—Where lands are sold at a tax sale, and are struck off to a private purchaser, the sale for the delinquent taxes constitutes a contract between the purchaser and the State or the instrumentality of the State, the obligation of which cannot be impaired by subsequent legislation extending the period for redemption.

2. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.—The title acquired by the State or an instrumentality thereof at a tax sale is not the same as that vested in a private purchaser, since the object of the purchaser is not the acquisition of the property, but rather the collection of the taxes, and the period of redemption may be extended by subsequent legislation without impairing the obligation of the contract.

3. TAXATION—EXTENSION OF TIME FOR REDEMPTION.—The Legislature may bind the State and its assignee by an act extending the time for redemption from a tax sale to the State, such extension being without the State's consent, while the subsequent assignees of the State's title take subject to the conditions imposed by existing statutes.

4. HIGHWAYS—EFFECT OF ROAD DISTRICT'S DEED.—A quitclaim deed, executed by a road improvement district which purchased lands conveyed at tax sale, carried only such title as the district had when the deed was executed.

5. HIGHWAYS—TAX SALE TO ROAD DISTRICT—REDEMPTION.—Under Acts 1925, p. 1033, § 1, the owner of land sold for taxes in 1923 to a road improvement district, which executed a quitclaim

deed to another in 1926, had three years in addition to the two years allowed by Acts 1921, p. 296, to redeem; a grantee having acquired no greater rights than the district had.

Appeal from Grant Chancery Court; *William R. Duffie*, Chancellor; affirmed.

*Isaac McClellan*, for appellant.

*Brouse & McDaniel*, for appellee.

HART, C. J.  On May 24, 1926, the appellees brought suit in equity against the appellants to cancel a deed by appellant road district to appellee Ferguson, and also to redeem the lands embraced in the complaint from the tax sale, if it should be held that the sale was valid. The suit was defended on the ground that the sale was valid and that the appellees' time for redemption had expired.

The facts necessary to a decision of the issues raised by the appeal may be briefly stated as follows: Road Improvement District No. 9 of Grant County, Arkansas, was duly organized under the provisions of what is commonly called the Alexander Road Law. A. L. Ferguson had been the former owner of the lands involved in this suit, and had sold them to J. R. Kern. The lands were forfeited for the nonpayment of the road taxes for the years 1922 and 1923, while J. R. Kern owned them. Kern failed to pay the purchase price of the lands, and reconveyed them to A. L. Ferguson. The improvement district commissioners foreclosed in equity the lien of the road district, and the lands were struck off to it at the foreclosure sale for the nonpayment of the road taxes for the years 1922 and 1923. On April 8, 1924, the lands were redeemed by A. L. Ferguson for the taxes for the year 1923. On December 19, 1925, a deed was executed by the commissioner who conducted the foreclosure sale to the commissioners of the road improvement district. On January 11, 1926, the road improvement commissioners executed a quitclaim deed to said lands to J. S. Walker. Other facts will be stated or referred to in the opinion.

The chancellor was of the opinion that the appellees were entitled to redeem said lands, and were allowed to do so upon the payment, within thirty days, of the delinquent road taxes found to be due. A decree was accordingly entered of record permitting the appellees to redeem said lands in accordance with the finding of the chancellor, and to reverse that decree the appellants have duly prosecuted this appeal.

The principles of law applicable to cases of this sort and numerous decisions announcing them are cited and reviewed in *Northern Road Improvement District* v. *Meyerman,* 169 Ark. 383, 275 S. W. 762, and no useful purpose could be served by again extensively reviewing these principles. Where lands are sold at a tax sale and are struck off to a private purchaser, the sale for the delinquent taxes constitutes a contract between the purchaser and the State, or the instrumentality of the State, the obligation of which cannot be impaired by subsequent legislation extending the period of the right to redeem. Hence this court has held that the right to redeem in such cases from a tax sale is governed by the statute in existence at the time the sale is made, and no subsequent statute extending the period of time for the right to redeem is constitutional.

The title acquired by the State, or an instrumentality thereof, at a tax sale is not the same as that vesting in a private purchaser, since the object of the purchase is not the acquisition of the property, but rather the collection of the taxes. 37 Cyc. 1355, and *Commissioners* v. *Lucas,* 93 U. S. 108, 23 L. ed. 822. Hence the rule that a statute extending the time to redeem from a tax sale is not constitutionally applicable to sales made before its enactment is subject to an exception where the State or one of its instrumental subdivisions was the purchaser.

The Legislature may bind the State and its assignee by an act extending the time of redemption from tax sales, because, as to the State, the grant of additional time to landowners to redeem is with its consent, and,

as respects subsequent assignees of the title acquired by the State, they, of course, take subject to the conditions imposed by the existing statute. Case-note to 1 A. L. R. 145, 38 A. L. R. at 229; *State* v. *Smith,* 36 Minn. 456, 32 N. W. 174; *Adkin* v. *Pillen,* 136 Mich. 682, 100 N. W. 176; *Pace* v. *Wight,* 25 N. M. 276, 181 Pac. 430; *Warner* v. *Pile,* 105 Kan. 724, 185 Pac. 1041.

As we have already seen, the road district in question was organized under the general laws of the State, and the statute applicable at the time the lands were struck off to the district at the foreclosure sale for the nonpayment of the road taxes for the year 1922 was act No. 223 of the Acts of 1921, page 296, amending § 5440 of Crawford & Moses' Digest. Under this act the period of redemption was two years, and it is claimed by counsel for the appellants that this act applies. The record shows that the lands were struck off to the district and that it executed a quitclaim deed to J. S. Walker on January 11, 1926. This deed carried only such title as the road improvement district had at the time it was executed. *St. Louis Refrigerator & Wooden Gutter Co.* v. *Langley,* 66 Ark. 48, 51 S. W. 68. Thus it will be seen that the right of appellees to redeem depends upon whether or not the statute of 1925 extending the time to redeem the property sold for delinquent taxes in road improvement districts applies. See Acts of 1925, page 1033. Section 1 of that act reads as follows:

"That the time for the redemption of any land or real property situated in any road improvement district in this State, on which default has been made in the payment of any annual assessment or installment upon the assessed benefits or betterments, shall be and is hereby extended for a period of three years, in addition to the period of redemption heretofore fixed by law for the redemption of lands for the nonpayment of such annual assessment in any and all improvement districts."

Under the principles of law above announced, it cannot be questioned that it was competent to extend the time for redemption for property sold for the nonpay-

ment of road taxes, so far as the rights of the State or its instrumentalities are concerned. This brings us, then, to the question of whether or not the Legislature has expressed an intention to that effect in 1925. It will be noted that the language of the act is very explicit. It provides that the time for the redemption of any land situated in any road improvement district in the State on which default has been made in the payment of any annual assessment shall be and is hereby extended for a period of three years, in addition to the period of time heretofore fixed for the redemption of such land. The Legislature could not have more plainly manifested its intention to extend the period of redemption for a period of three years longer than that already given to the landowners. Under the statute in existence at the time the sale was made, in 1923, the landowner had a period of two years. Add to this three years, and this gave him five years within which to redeem his land. The period of redemption had not expired at the time this suit was brought. The purchaser from the road district stood in its shoes, under the principles of law above announced, and J. S. Walker, having purchased after the passage of the act of 1925 extending the period of redemption, acquired no greater rights than the road improvement district had. Hence the chancellor correctly held that the appellee had a right to redeem, and the decree of the chancery court will therefore be affirmed.