GOSSETT *v.* FORDYCE LUMBER COMPANY.

Opinion delivered May 26, 1930.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.
*S. F. Morton,* for appellees.

McHANEY, J. The land involved in this controversy is the north half northeast quarter, section 27, township 10 south, range 15 west, Dallas County, Arkansas. It is located in Road Improvement District No. 1 of Dallas County, Arkansas, created by special act 56 of 1919, and became delinquent for the taxes due said district for the year 1922, payable in 1923, and for some prior years. The Road Improvement District defaulted in the payment of its bonds and interest, and, in the suit of the trustee in the bond issue, was placed in the hands of a receiver by the Federal District Court for the Western Division of the Eastern District of Arkansas, on July 20, 1923. Suit was brought in said district court to foreclose the lien against this and other lands for the delinquent taxes due the road district, which resulted in a decree of foreclosure on January 28, 1925, ordering the delinquent land sold to pay the taxes if not paid within a certain time fixed by the court. The tax on the land in controversy was not paid, the land was sold on March 24, 1925, and, there being no purchasers, same was bid in by the receiver, who was also the commissioner making the sale, for the tax, penalty and costs in the sum of $19.79. A deed was made to the receiver and approved by said district court on April 20, 1925. The deed to the receiver contained the following recital: "By the terms of which said order of confirmation the said purchaser takes the lands hereinafter described subject to the lien thereon

respectively of the unpaid assessments of said Road Improvement District No. 1 of Dallas County, Arkansas, for any year or years other than the said respective years 1920, 1921, 1922, and subject to the lien of the unpaid assessments of any other improvement district, and subject to the rights of redemption as in said order of confirmation and hereinafter set forth, but in all other respects the said purchaser's title to the lands hereinafter described to be indefeasible and unassailable in either law or equity, and by the terms of which said order of confirmation any person who would have been permitted to redeem the said lands had the sale been made by the Dallas County, Arkansas, Collector for State and county taxes, or who was in possession under color of title at the time of the said decree in said ancillary cause may redeem any of the tracts of land hereinafter described at any time within two years from said March 24, 1925, but not thereafter.''

On December 12, 1927, said road district, being then out of the receiver's hands, conveyed said land to appellants for a consideration of $24.99.

Appellee, Fordyce Lumber Company, was the owner of the timber on said land and paid all State and county taxes thereon separately from the land, same being separately assessed. In 1924 the land was forfeited to the State for the nonpayment of general taxes, and no exception of the timber was made in extending the taxes against it, although, as above stated, the timber was separately assessed and the general tax thereon fully paid. On December 23, 1927, the State Land Commissioner conveyed all the State's right and title to said land to appellant without excepting the timber therefrom.

In 1927 the Legislature enacted act 112, Acts 1927, p. 312, entitled ''An act to provide for the collection and disposition of taxes in road improvement districts, a redemption of land sold for taxes, and for other purposes.'' Section 14 of said act reads as follows: ''Lands heretofore sold for the nonpayment of road taxes, where the

period for redemption has not yet expired, may be redeemed within three years from the date of the passage of this act by refunding to the purchaser the amount paid by him with legal interest. Lands purchased by the district, and still owned by the district, may be redeemed by paying the amount of the tax and costs of sale with legal interest without the penalties. On tender of the amount required to redeem, the holder of the legal title shall execute and deliver the necessary deed or release to the party entitled to redeem.''

This act contained an emergency clause and was approved March 4, 1927. After the land was sold to appellants by the road district and after the period of redemption as fixed by the decree of said district court had expired, but within the period of redemption as enlarged by the above-mentioned act, appellees sought to redeem the land and timber from appellants, tendering them a sufficient sum of money to do so, but same was refused. Appellees thereupon on July 21, 1928, brought this suit to redeem, deposited a sum of money with the clerk of the court of more than enough to redeem said land as a tender thereof in said action. The court sustained appellees' right to redeem, found that $87.48 was the amount due appellants to redeem from the sale in the road district and from the State, and including all taxes and special assessments paid by appellants with interest.

For a reversal of the decree appellants contend, (1) that the land was sold to the receiver for the use and benefit of the trustee in the bond issue of the road district and not to the State or a State agency; (2) that if it should be held to be wrong about that proposition, and that the land was sold to the receiver for the use and benefit of the road improvement district, § 14 of act 112 above set out is in conflict with the decree of the district court, and therefore of no force and effect.

1. Appellants' contention as to the first proposition cannot be sustained. Appellants make the mistake of assuming that the land was sold to the receiver per-

sonally or to him for the use and benefit of the trustee. The receiver was acting for the district in the collection of taxes to pay the road district's debts, and when the land was struck off to the receiver and deed issued to him by the commissioner, title vested in him, not individually but as receiver for the use and benefit of the district. The act creating the district, in § 22, provides that under certain conditions a receiver might be appointed to collect the taxes, and that the receiver "may be directed by suit to foreclose the lien of said taxes on said land; and the suits so brought by the said receiver shall be conducted in all matters as suits by the board as hereinbefore provided, and with like effect; and the decrees and deeds therein shall have the same presumptions in their favor." So it will be seen that the receiver, for the time being, steps into the shoes of the board of commissioners and acts for them. The necessary result is that a deed executed to the receiver was for the use and benefit of the districts the same as if the board had been acting and the deed executed to it. Therefore, the title to the land by virtue of the sale in the federal district court, although taken in the name of the receiver, was really in Road Improvement District No. 1 of Dallas County, Arkansas.

2. The title remained in the district until December 12, 1927, when it conveyed said land to the appellants. In the meantime act 112 of the Acts of 1927 had become a law, by § 14 of which the period of redemption was extended three years from the passage of said act and the rule announced in *Walker* v. *Ferguson,* 176 Ark. 625, 3 S. W. (2d) 694, applies, unless said act is void by reason of being in conflict with the decree of the district court. We there said: "The principles of law applicable to cases of this sort and numerous decisions announcing them are cited and reviewed in *Northern Road Imp. Dist.* v. *Meyerman,* 169 Ark. 383, 275 S. W. 762, and no useful purpose could be served by again extensively reviewing these principles. Where lands are sold at a tax

sale and are struck off to a private purchaser, the sale for the delinquent taxes constitutes a contract between the purchaser and the State, or the instrumentality of the State, the obligation of which cannot be impaired by subsequent legislation extending the period of the right to redeem. Hence this court has held that the right to redeem in such cases from a tax sale is governed by the statute in existence at the time the sale is made, and no subsequent statute extending the period of time for the right to redeem is constitutional.

"The title acquired by the State, or an instrumentality thereof, at a tax sale is not the same as that vesting in a private purchaser, since the object of the purchase is not the acquisition of the property, but rather the collection of the taxes. 37 Cyc. 1355, and *Commissioners* v. *Lucas,* 93 U. S. 108, 23 L. ed. 822. Hence the rule that a statute extending the time to redeem from a tax sale is not constitutionally applicable to sales made before its enactment is subject to an exception where the State or one of its instrumental subdivisions was the purchaser."

In the first place, we do not think the act is in conflict with the decree. By the terms of the decree interested parties were given the right to redeem "at any time within two years from said March 24, 1925, but not thereafter." The time for redemption under the decree expired March 24, 1927, but prior thereto, to-wit, on March 4, 1927, the above act became a law, the effect of § 14 thereof being to extend the period of redemption from sales in all road districts for three years from March 4, 1927. The decree of the court fixing the time to redeem was only declaratory of the period given by the act creating the district, which was made two years in § 15 thereof.

The federal court could not by its decree have shortened the period of redemption as fixed by the statute, and it did not attempt to do so. The right to redeem, as fixed by statute or as extended or enlarged by subsequent acts, is a "positive and substantial" right con-

ferred on the landowner by the Legislature, and cannot be abrogated by rule or decree of court, State or Federal, unless violative of the obligations of contract. *Brine* v. *Hartford Fire Ins. Co.*, 96 U. S. 627; *Conn. Mut. Life Ins. Co.* v. *Cushman,* 108 U. S. 51, 2 S. Ct. 36; *Dupree* v. *Mansur,* 214 U. S. 161, 29 S. Ct. 548; *Mason* v. *United States,* 260 U. S. 545, 43 S. Ct. 200.

By extending the period of redemption three years from the passage of said act 112, the Legislature was trying to save the landowner from the devastating burden imposed upon him in the form of taxes on betterments in road improvement districts prior to 1927, and give him an extension of time in which to redeem his land from a sale for taxes he was wholly unable to pay. It had entirely lifted the burden for taxes accruing subsequent to January 1, 1927, in such districts, and the above section was enacted to give him the additional time to redeem from sales for prior taxes. Since, as we have already seen, the land passed to the district by reason of said foreclosure sale, and was still in the district when act 112 was enacted, the rule announced in *Walker* v. *Ferguson, supra,* applies.

The decree of the chancery court is correct, and must be affirmed. It is so ordered.