4-4207

Opinion delivered December 23, 1935.

*James G. Coston, J. T. Coston, Wils Davis* and *W. W. Hughes,* for appellants.

*Shane & Fendler,* for appellee.

McHaney, J. On October 25, 1934, appellant acquired the outstanding record title by purchase from the former owners of all that part of section 17, township 13 north, range 9 east, lying south and east of Little River in Mississippi County, Arkansas. The land had been permitted to forfeit for the State and county taxes of 1924 and in 1925 was sold to the State. In 1930 J. A. Walker donated the lands from the State, who later sold his title to appellee. Walker and appellee have been in actual possession of the land since 1930, have cleared it and made valuable improvements thereon. In 1934, appellee purchased the land from Grassy Lake & Tyronza Drainage District No. 9, and from St. Francis Levee District, said land being located in both districts, and both districts having foreclosed their liens for improvement district taxes more than two years prior to January 1, 1934. In other words, the land in controversy is situated

in both districts, became delinquent for improvement district taxes, and both districts brought suit against the lands for the delinquent taxes, secured decrees of foreclosure, sales were had under such decrees, and the districts became the purchasers at their respective sales. Appellee secured a deed from the drainage district under date of November 27, 1934, conveying to him the district's title to said land. He secured a deed from the St. Francis Levee District dated November 17, 1934. The statutes in force at the time the sales were had for the improvement district taxes provided for a period of two years in which the owner might redeem. This period of redemption had expired in both cases prior to the passage of act No. 2, of the first extraordinary session of the General Assembly of 1934, approved January 8, 1934. Section 8 of said act reads as follows:

"In any case where any improvement district, however created, and of any kind or character whatsoever, has become the purchaser of any land by virtue of a foreclosure for the nonpayment of any assessment levied against said land by said district, and due to said district, the said land may be redeemed by the owner, his agent, or any person for the owner, or any one or any legal entity or fiduciary having an interest in said land or holding color of title thereto, upon payment to the commissioners of said district of the amount of any assessment or assessments upon which the foreclosure proceedings were based, together with all the costs allocated against said land, but without penalty or interest, and, upon the payment of such sum, the improvement district shall issue a quitclaim deed conveying to such applicant for redemption all of the right, title and interest of said improvement district in said land, acquired by virtue of said sale, provided that if the said improvement district shall have obtained possession of said land by virtue of such foreclosure and sale, and shall have procured any rent therefrom, the amount of such rent so collected shall be credited upon, and deducted from, the sum due to be paid in redemption thereof, and provided further that such redemption shall be made within three years after the passage of this act."

Appellant brought this action to redeem from said improvement district sales under said section of said act, which right of redemption was denied by the court, and in addition the court cancelled an outstanding mortgage executed by appellant, and quieted and confirmed the title to said lands in appellee. This appeal followed.

The trial court held § 8 of act 2, hereinbefore set out, to be unconstitutional and void as applied to the facts of this case. It seems to be conceded that appellant's right of redemption is dependent entirely upon the constitutionality of said act. If the act is unconstitutional and void, then appellant has no right to redeem. We have several times held that the Legislature may enlarge the period of redemption or extend the time in which redemption may be effected at any time during the redemption period as fixed by the former statute where the sale has been to the improvement district and not to a private individual. *Walker* v. *Ferguson*, 176 Ark. 625, 3 S. W. (2d) 694; *McIver Abstract Co.* v. *Slayton*, 178 Ark. 632, 11 S. W. (2d) 447; *Gossett* v. *Fordyce Lumber Company*, 181 Ark. 848, 28 S. W. (2d) 57. In *McIver Abstract Co.* v. *Slayton, supra*, we said: "Said act 346 of the Acts of 1925, (the act extending the period of redemption), became effective on the 10th day of June, 1925, before the two years allowed by the existing law for redemption of the land had expired, and by § 1 thereof, the time of redemption was extended for a period of three years, making a total of five years allowed for redemption from the date of the sale, the land having been purchased by the road improvement district." Citing *Walker* v. *Ferguson, supra*.

In *Gossett* v. *Fordyce Lumber Company, supra*, this language is found: "The time for redemption under the decree expired March 24, 1927, but prior thereto, to-wit, on March 4, 1927, the above act became a law, the effect of § 14 thereof being to extend the period of redemption from sales in all road districts for three years from March 4, 1927." In all the cases coming before this court, so far as we are advised, the act extending the period of redemption was enacted prior to the expiration of such period as fixed under the previous law. In this case we

are asked to extend those cases under the provisions of the act above quoted so long as the title to the land remains in the district without regard to whether the period of redemption has expired or not as fixed by previous law. We are unwilling to do this, for we are of the opinion that such legislation is unconstitutional and void as disturbing vested rights. When land is legally sold to an improvement district, and the period of redemption has expired as fixed by law, the title thereto becomes absolutely vested in the district, which vested rights the Legislature is without power to take away. Such lands are assets in the hands of the district's commissioners for the payment of its obligations, and the Legislature would have no more power to take them away from it than they would any other property of the district. We therefore hold that, in so far as said § 8, above quoted, attempts to extend the period of redemption of lands sold to improvement districts after the redemption period has expired under existing law, it is unconstitutional and void. But in so far as it enlarges the period of redemption given by existing law where the right has not expired, it is a valid enactment.

The decree of the chancery court is therefore correct, and must be affirmed.