JUDGE COFER
delivered the opinion oe the court.
Thompson bet against the bank, and the special findings and Brown’s reply show that Brown had put his money in to stock the bank, and was interested to that extent in it.
The case presented then is this, Can one who sets up, or is interested in setting up, a faro-bank, and who loses money to those who bet against the bank, recover it back?
The language of the statute is, “ If any person shall lose to another ” he may recover it back, but when the evil which led to the passage of the act is considered, it is evident that the legislature did not intend to embrace within its protection those who engage in gaming by means of contrivances which are only *539 used by those who make gaming a business. Faro-banks have, ( since the earliest days of our state government, been the sub- , jects of the severest legislative denunciation • and the constant effort has been to protect the community against those who set up and operate them, and this object would be to some extent defeated by allowing them to recover money lost, when from an unexpected and unusual turn of fortune they are losers.
Since the act of 1804 (M. & B. 756) tables and contriv-. anees commonly used in gaming have been outlawed in this state, as far as was in the power of the legislature, and it would be strange indeed if, while denouncing penalties of the severest character and providing the most summary proceedings both against those using or having them in possession, and against the contrivances themselves, the legislature intended to extend to such persons the benefit of a statute made to protect the public against them. This appellant stands convicted on this record of a high misdemeanor in setting up a faro-bank, and yet he seeks to invoke the protection of a statute made to protect others against him and his bank.
It is a familiar rule that a case within the letter but not within the spirit of a remedial statute is not embraced by it. The courts will look beyond the letter to the legislative purpose and intent, and will not, by a blind adherence to the letter, permit a law to become the shelter of those it was intended to punish, nor to be used to encourage practices it was made to suppress.
By the common law ecclesiastical corporations might let as long leases as they thought proper. The mischief was that they let long leases to the impoverishment of their successors.
To remedy this mischief it was provided ’by statute (13 Elizabeth, chap. 10) that all leases by ecclesiastical bodies for a longer term than three lives or twenty-one years should be void. But in construing that statute it was held that leases, though for a longer term if made by a bishop, were not void *540 during his continuance in his fee, or if made by a dean or chapter, were not void during the continuance of the dean, for the act was made for the benefit of the successor. (Tomlin’s Law Dictionary, title “Statutes;” Co. Lit. 45.)
So here the statute does not apply to one who sets up or exhibits a faro-bank for gaming, for it was enacted for the protection of the community against gamblers and to suppress gaming, and not for their protection and encouragement.
Wherefore the judgment is affirmed.