Pratt, J.
The plaintiff alleged ownership of a farm in Kings county, and that defendant maliciously destroyed and injured and defaced the grass and sod of plaintiff and carried it away. It also alleged that under chapter 451, Laws of 1877, the defendant became liable, etc., and demanded damages in $1,000. The farm, at the time of the acts complained of, was in the possession of a tenant who had given defendant license to enter and carry away the sod.
Treating all the complaint stated about the statute as surplusage, there was a cause of action stated for injury to the reversion.
On the trial, the plaintiff proved her title and the wrongful cutting and carrying away the sod, the amount taken and its value. Defendant then moved for a dismissal of the complaint.
The court ruled that the case did not come within the statute, but that a cause of action had been made but for injury to the freehold.
In such ruling there was no error. The fact that the plaintiff supposed that the case was within the statute, and so alleged and prayed for relief accordingly, was wholly immaterial.
There was no variance between the complaint and the proof; she simply failed to prove that the acts were maliciously done, and therefore the case did not fall within the statute. Code Civ. Pro., § 1207; Murtha v. Curley, 90 N. Y., 372, 377.
The defendant could not have been surprised, for he was fairly apprised of _ everything the plaintiff could claim. Neither the complaint nor answer required any amendment.
We have examined all the exceptions and find no error sufficient to warrant the granting of a new trial.
Judgment affirmed, with costs.
Barnard and Dykman, JJ., concur.