CASE 75—PETITION EQUITY—APRIL 2.

# Tug River Coal Company v. Brewer.

### APPEAL FROM MARTIN CIRCUIT COURT.

1. TAX SALES—RIGHT OF OWNER TO REDEEM.—Where the sheriff fails to report to the county clerk a sale of land for taxes within thirty days after the sale, the purchaser must file with the county clerk, within a reasonable time thereafter, the sheriff's certificate of purchase; and if he fails to do so, the owner may redeem, even after the expiration of the two years allowed by the statute, provided he was ready, and made an effort to redeem within that period, but could not do so because the certificate had not been filed.

2. SAME.—In order to redeem, the owner is required to pay interest upon the purchase price at the rate of thirty per cent. only for the period of two years from the date of sale. After that time he is required to pay interest only at the rate of six per cent. And in addition to the interest, he must pay fifteen per cent. on the total amount of the purchase price and the amount of the clerk's cost.

Tug River Coal Company v. Brewer.

STEWART & STEWART for appellant.

If the purchaser should, within thirty days of his purchase, file his certificate, the sheriff having failed to file his, then in that event he would
be entitled to the thirty per cent. damages given by the statute; but if filed after thirty days, his right to the thirty per cent. dates from the filing, and does not reach back to the sale. He might be entitled to six per cent., but no more; but in no event is the thirty per cent. to continue longer than the time allowed the party to redeem; from and after that time the rate is six per cent. (Gen. Stats., chap. 92, art. 9, sec. 16.)

R. C. BURNS for appellee.

No brief in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee claiming title to the land in controversy under a sale made February 9, 1885, for unpaid taxes on it, followed by the sheriff's deed of February 11, 1887, brought this action to recover of appellant, the owner, possession.

Section 16, article 9, chapter 92, General Statutes, gives to the owner of real estate sold for taxes two years after the day of sale within which to redeem it "by paying the purchase money, with interest at the rate of thirty per cent. per annum, and, in addition, fifteen per cent. on the total amount of the purchase price, and the amount of the clerk's cost, if any."

By section 27, it is made the duty of the sheriff, within twenty days after the sale, to make report in writing to the county clerk, showing when the sale was made, the steps taken by him with reference thereto prior to and at the sale, to whom, for what price the land was sold, giving a description thereof as fully as he is able to do, which report shall be recorded and indexed by the county clerk in a book

to be provided by him for the purpose. It is also provided by section 28 that "if the sheriff fails to make the return of sale to the county clerk, any individual purchaser may file with the county clerk the sheriff's certificate of purchase, which the clerk shall record and index in the book aforesaid, and the same shall have the same effect as the sheriff's report would have had if returned."

It appears from the pleadings and proof in this case the sheriff did not make the report of sale required by section 27, nor was the sheriff's certificate of purchase filed until February 9, 1887, two days only before expiration of the period of two years within which appellant had the right to redeem.

Section 23 requires the sheriff within thirty days after the sale to give certificates of purchase, describing the land, and stating the time of sale, and the price for which the land sold, to all purchasers of lands. And that is the certificate which appellee, in this case, was required by section 27 to file with the county clerk, by reason of the sheriff's failure to make the return therein mentioned.

The statute does not in terms fix the time within which a purchaser shall file the certificate; but as the sheriff is required, within thirty days after the sale, to deliver such certificate to the purchaser, it would seem he should file it with the clerk a reasonable time thereafter, in order to cut off the right of redemption after two years, when the owner of the land sold was ready and made an effort to redeem within that period, but could not do so because the certificate had not been filed.

Tug River Coal Company v. Brewer.

In this case appellant pleads and proves not only a readiness to redeem the land upon expiration of two years, but by its officers went more than once to the county court clerk's office to see the return of the sheriff or certificate of purchase, but neither had been filed, and consequently the amount to be paid for the purpose could not be ascertained by either the owner of the land nor the clerk.

To deprive the owner of land of the right to redeem after the two years, under such circumstances, would enable the purchaser to profit by his own failure to do what the statute expressly requires ; and, therefore, we think the lower court properly canceled the deed, and adjudged against the right of the purchaser to recover the land.

But the original appeal is from that part of the judgment fixing the amount of money the owner shall pay, and for which there is a lien on the land. The purchase price was one hundred and ninety dollars and twenty cents, and the amount adjudged to be paid was arrived at by erroneously adding interest thereon at the rate of thirty per cent. per year from the date of sale, February 9, 1885, to date of judgment, May 23, 1889, making the sum of four hundred and thirty-four dollars and eighty-five cents. The statute, properly construed, does not authorize interest at that rate, in any event, for a longer period than two years. In this case no actual tender was made by appellant, and appellee was, therefore, entitled by the terms of the statute to repayment of the purchase price, with interest thereon at the rate of thirty per cent. per year for two years from

date of sale, and at the rate of six per cent. thereafter on the purchase price until the date of the judgment, and, in addition, fifteen per cent. on the total amount of the purchase price, and the amount of the cost, and judgment should have been rendered for the aggregate amount thus ascertained, and no more.

For the error of the court in charging appellant with interest in excess of six per cent. on the purchase price after the time for redeeming, the judgment is reversed for further proceedings, and affirmed on the cross-appeal.