## Ferlage, et al. v. Supreme Tribe of Ben Hur, et al.

(Decided May 8, 1913.)

Appeal from Kenton Circuit Court,
(Common Law and Equity Division).

1. Insurance, Life—Fraternal Insurance—Section 679, Ky. Stats.—Under 679 Ky. Stats., the constitution and by-laws of the Order unless contained in and attached to the certificate, constitute no part of the contract, and this rule applies as between all presons interested in the certificate.

2. Insurance, Life—Fraternal Insurance.—The act of March 24, 1906, exempting certain societies from the operation of section 679 Ky. Stats., has no application to certificates issued before it took effect.

3. Insurance, Life—Benefit Certificate.—A member may dispose by will of a benefit certificate payable to his personal representative.

HORACE W. ROOT and B. F. GRAZIANI for appellants.

HALL & ADAMS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—affirming.

The Supreme Tribe of Ben Hur is a fraternal organization incorporated under the laws of Indiana. It maintains local lodges and its members pay assessments in consideration of which their lives are insured.

Louis Smidt was a member of Esther Court No. 53, the local lodge at Erlanger, Kentucky. In the year 1905 he took out a certificate insuring his life in the sum of $1,000, making his personal representative his beneficiary. He died in December, 1910, a resident of Kenton County leaving a will by which he devised the life insurance subject to the payment of his debts to Tony,

Geiger and Elizabeth Geiger. Tony Geiger being named as executor of the will. He left surviving him two sisters, Josephine Ferlage and Philomena Clere who were his nearest relatives. By the Constitution and by-laws of the Order the personal representative of a member holds the benefit fund in trust for the "families, heirs, blood relatives, affianced husband or affianced wife or persons dependent upon a member." The two sisters set up a claim to the insurance money; the Tribe of Ben Hur paid the money into court. The case being heard as between the executor and the two sisters, judgment was entered in favor of the executor. The sisters appeal.

Louis Smidt at the time of his death was indebted to Elizabeth Geiger in the sum of $600 for board and nursing furnished him by her during the year 1910. He also owed a doctor's bill of $75 and his funeral expenses amounted to $175. The debts were to be paid out of the insurance money under the will, and the remainder divided between Mrs. Geiger and her husband. The insurance contract was made at Erlanger, Kentucky, and was a Kentucky contract. The Constitution and by-laws of the Order are not contained in or attached to the certificate. Section 679 Ky. Stats., provides:

"All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, and the portion of the constitution, by-laws or other rules referred to; and unless so attached and accompanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties."

It is insisted for appellants that this section only applies in a contest between the insurer and the insured, and that it has no application here as the insurer has paid the money into court, and the contest is between the parties claiming the fund. But it will be observed

that unless attached to the policy and accompanying it, no application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in the policy, and shall not be considered a part of the policy or of the contract between such parties. The statute by its terms applies not only to the parties to the contract but to all parties interested in the policy or certificate. The statute is more than a rule of evidence. In American Guild v. Wyatt, 125 Ky., 44, referring to the statute, we said:

"This is more than a rule of evidence. It is a provision as to what shall be the contract between the parties."                                                    ,

It is also insisted that if section 679 Ky. Stats., applies, yet by sections 670, 671 and 678 Ky. Stats., the proceeds of such a policy are not assets of the decedent's estate. But while these sections exempt the proceeds of such a policy from the debts of the insured, there is nothing in them to prevent the insured from disposing of the proceeds by will where the certificate is payable to his personal representative. Counsel rely on Grand Lodge v. Denzer, 129 Ky., 202. But it will be observed that the policy in that case was issued in July, 1890. Section 679, Ky. Stats., was adopted in 1893 and by its terms only applies to policies thereafter issued. Hahn v. Supreme Lodge, 136 Ky., 829 and Green v. Green, 147 Ky., 608 are also relied on, but the question presented here was not involved in either of those cases.

By the act of March 24, 1906, section 679 Ky: Stats. was amended so as to make it inapplicable to fraternal societies such as the Tribe of Ben Hur; but the certificate in this case having been issued in the year 1905, must be governed by the law that was in force when it was issued. By that law when this certificate was issued, the insurance was payable to the personal representative of the insured; the certificate expressed the whole contract and the by-laws and constitution of the Order not being contained in or attached to the certificate were no part of the contract. The rights the insured then took, were not affected by the subsequent act of the Legislature; for it was manifestly not the purpose of the Legislature to modify existing contracts of insurance. Legislation is always held to be prospective rather than retrospective; there is nothing in the act to give it a retrospective effect. Hess v. Segenfelter, 127 Ky., 348).

It is true there are a number of cases decided by this court in which it was held that the by-laws and constitution of the Order were to be read as part of the certificate; but these decisions were rendered on certificates issued either before section 679 Ky. Stats. was adopted or after it was made inapplicable to fraternal societies.

Judgment affirmed.