COLLIER *v.* SMITH.

Opinion delivered February 4, 1918.

1. TAX SALES—COLLATERAL ATTACK.—Actual payment of taxes can not avail on collateral attack where the land was sold by decree of court in accordance with the statutes of the State.

2. TAX SALE—INCORRECT ASSESSMENT LIST.—An assessment list furnished the collector by the board of a road district was for the taxes of 1912, but the collector reported the lands delinquent for 1911; an action, however, was brought for the delinquent taxes of 1912, and the 1912 taxes were delinquent and unpaid, and the land was sold and deed made. *Held,* these facts were a matter of

defense, if at all, available in the original suit, but not available on collateral attack.

3. TAX SALES—REDEMPTION—LAPSE OF TIME.—Where more than one year expired after the date of sale by the commissioner in chancery, before appellee offered to redeem, no redemption is possible under act 248, Acts of 1911.

4. TAX SALES—REDEMPTION.—Act 43, Acts 1915, does not relate back so as to affect vested rights in property acquired before its passage.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Coleman & Gantt,* for appellant.

1. The tax sales were regular and made according to law. The commissioner's deed was duly acknowledged and recorded. Kirby's Digest, §§ 760-1. It was *prima facie* evidence of the legality and regularity of the sale. The decree and deed were duly approved and confirmed and there were no irregularities in the road district suit. 28 N. E. 57.

2. The attack is a collateral attack on the decree of the court and every presumption is in favor of jurisdiction and regularity. 121 Ark. 474; 101 *Id.* 390; 50 *Id.* 188; 55 *Id.* 398. Mere errors and irregularities are no grounds for vacating a judgment on collateral attack. 118 Ark. 449. The act (Acts 1911, No. 248) was complied with in all things and the court had jurisdiction and the matter is concluded by the decree. 16 R. C. L. 32-34; 2 Wall. 210.

3. Appellant had the right to purchase at the tax sale and was under no duty to pay the taxes. 98 Ark. 455; 74 *Id.* 253; 53 *Id.* 428; 37 Ark. 1352.

4. Appellees had no right to redeem. Acts 1911, No. 248 § 7. They had only one year to redeem and that had passed. There is no exception in favor of minors. Acts 1911, p. 773; Acts 1915, No. 43. The act does not act retrospectively nor divest vested rights. 5 Ark. 217; 68 *Id.* 333; 49 *Id.* 190; 43 *Id.* 424; etc.

*Rowell & Alexander,* for appellees.

1. The decree condemning the land to sale was void on account of the failure of the collector to make a return

of delinquent taxes for 1912 and the right to redeem existed under Act 43, 1915.

2.  The decree was subject to collateral attack for want of jurisdiction.  83 Ark. 532; 60 *Id.* 374; 98 *Id.* 457.

3.  Appellees had the right to redeem.  Act 43, 1915. It was retroactive.  128 Ark. 113, 90 S. W. 600, etc.

HUMPHREYS, J.  On the 7th day of January, 1907, appellees purchased the N. W. ¼ of the N. W. ¼, Sec. 14, T. 6 S. R. 10 W., in Jefferson County, Arkansas. They permitted the land to forfeit in 1912 for the non-payment of the state and county taxes assessed against it in 1911, and at the delinquent tax sale, Thomas J. Collier, appellant, purchased the land on June 10, 1912, and procured a tax deed under said purchase on December 7, 1914.  The land was proceeded against under Act 248 of the Acts of Arkansas, 1911, for non-payment of 1912 taxes of Road Improvement District No. 3, which resulted in a decree, of date September 18, 1913, subjecting the land to sale to satisfy the lien for said road improvement district taxes.  The decree recited the performance of all statutory requirements necessary to give the chancery court jurisdiction in said road district suit.

Pursuant to the decretal order, the land was sold by the commissioner on October 16, 1913, and purchased by Thomas J. Collier, the appellant herein.  The commissioner filed his report, and the sale was confirmed and deed ordered.  On October 31, 1913, thereafter, the commissioner presented his deed to the court for approval and the deed was examined, approved and acknowledged in open court and delivered to the purchaser, Thomas J. Collier.  Immediately after the purchase by appellant under the tax forfeiture of 1911, he assessed the property in his own name and thereafter paid all state, county and general, and special improvement district taxes, on said real estate.  During all this time, the appellees remained in possession and enjoyed the free use of the property.

On March 16, 1916, appellant brought suit in ejectment against appellees in the Jefferson Circuit Court,

asserting title and right of possession under his tax deeds. Appellees, through their father and guardian, J. W. Smith, filed answer, challenging the validity of both tax deeds. The tax sale and the tax deed issued by the clerk of the county were challenged for the alleged reason that no taxes for the year 1911 were levied on the land by the levying court of Jefferson County; and the commissioner's deed was challenged on the ground that the collector never returned the land as delinquent for the taxes of 1912 to the commissioners of Road Improvement District No. 3.

They assert that the tax deeds were clouds upon their title and prayed that the cause be transferred to the chancery court and that said deeds be canceled and held for naught; and prayed in the alternative that if the commissioner's deed were sustained that they be permitted to redeem under Act No. 248 of the General Assembly of the State of Arkansas, 1911; but that if the time for redemption under that act had expired, that they be permitted to redeem under Act No. 43 of the General Assembly of the State of Arkansas, 1915, approved February 9, 1915.

The cause was transferred to the chancery court and there heard upon the pleadings, agreed statement of facts, depositions and documentary evidence, from which the chancellor found that appellees, being minors, had a right to redeem the land in controversy from the tax sale under the tax forfeiture of 1911; and that the collector failed to return the lands as delinquent for the special taxes of 1912 to the commissioners of said road district, and for that reason the chancery court had no jurisdiction to condemn and order a sale of the lands for a tax of Road Improvement District No. 3 in Jefferson County, Arkansas; and also found that Thomas J. Collier did not purchase at the commissioner's sale to strengthen his title but was of necessity forced to purchase in order to protect his title acquired under the forfeiture of 1911, and that the purchase amounted to nothing more than a payment of taxes due Road Improvement District No. 3.

In accordance with the findings aforesaid, the court then canceled both tax deeds and required the appellees to refund to Thomas J. Collier the aggregate sum of $81.70, together with interest at the rate of 10 per cent. per annum from the date of the respective payments until paid, that being the total amount the said Collier had expended in procuring his tax titles and paying general and special taxes on said land thereafter.

(1-2)   It is not seriously contended by appellees that the sale for the taxes of 1911 for general, state and county purposes was void, but they seem contented with their conceded right to redeem from that sale. It would **not benefit them** to exercise their right of redemption, however, if they can not successfully attack or redeem from the sale of the land for the 1912 taxes assessed by said Road Improvement District No. 3 against it. This **latter sale** was made on the 16th day of October, 1913, by a commissioner under the provisions of Act 248, Special and Private Acts of 1911. The jurisdiction to enforce delinquent taxes due said district was placed in the chancery court by the act. The sale was made **through** the chancery court. The decree rendered for the sale of the lands recited on its face all necessary jurisdictional requirements. This is a collateral, and not direct, attack upon the decree of a court having jurisdiction to render such a decree. No dispute exists between the parties as to the character of the attack. The dispute between them is whether the decree can be collaterally attacked by showing that the collector reported the lands delinquent for 1911, instead of 1912. The assessment list furnished the collector by the Board of the Road District was an assessment for taxes of 1912, but when he made his report, the sheet upon which it was made reported the lands delinquent for 1911. The suit, however, was brought for delinquent taxes of 1912. The taxes for 1912 were delinquent and had not been paid. This was a matter of defense, if at all, available in the original suit, but not on collateral attack. Actual payment of taxes can not avail on collateral attack where the land was sold by decree of

court in accordance with the statutes of the State. *Wallace* v. *Brown,* 22 Ark. 118; *Williamson* v. *Mimms,* 49 Ark. 336; *McCarter* v. *Neil,* 50 Ark. 188; *Burcham* v. *Terry,* 55 Ark. 398; *Crittenden Lbr. Co.* v. *McDougal,* 101 Ark. 390; *Cassady* v. *Norris,* 118 Ark. 449.

Appellees invoked the doctrine, in support of their contention, announced in *Van Etten* v. *Daugherty,* 83 Ark. 534, and *Fleming* v. *Weaver,* 98 Ark. 455, to the effect that judgments rendered without acquiring jurisdiction over the person and subject matter in the manner required by the statute are subject to collateral as well as direct attack. The cases are not parallel to the instant case. Service was obtained in the instant case in the manner provided by the statute, and, hence, it is controlled by the rule announced in *McCarter* v. *Neil, supra,* and the other cases cited in connection with it.

But it is insisted that the decree should be affirmed upon the theory that the purchase at the commissioner's sale, under the decree of the chancery court to enforce the delinquent taxes of 1911 against said lands, amounted to a payment of the taxes only and that it was not, in fact, a purchase to strengthen the original tax title of appellant. This contention is not sound for the reason that the rule can not be invoked unless the holder of the original tax purchase certificate was at the time of the second purchase either in possession of the land, or enjoying the benefits thereof, or was under some obligation to the original owner of the land to pay the taxes. *Staley* v. *Leomans,* 53 Ark. 428; *Palmer* v. *Ozark Land Co.,* 74 Ark. 253.

(3) The last question to be determined on appeal is whether appellees have a right to redeem the land from the commissioner's sale, of date October 16, 1913. There is no saving clause in favor of minors in the section providing for redemption by the original owner in Special and Private Act 248, in the Acts of Arkansas, 1911, creating Road Improvement District No. 3 in Jefferson County, Arkansas. The redemption section reads as follows: " * * * * and provided, that any land

owner shall have the right to redeem any and all lands sold at such sale within one year thereafter; which shall run from the day when the lands are offered for sale, and not from the day when the sale is confirmed.'' More than one year expired after the date of sale by the commissioner in chancery before appellees offered to redeem. Therefore, no redemption exists under said Act 248 in favor of appellees.

(4) But it is said the right of redemption exists to appellees under Act 43, of the Acts of 1915. This must depend on whether said act will relate back and affect vested rights in property acquired before its passage. It will be remembered that in the instant case appellant bought the land at a commissioner's sale on the 16th day of October, 1913, which sale was confirmed and in pursuance thereof a commissioner's deed was executed, presented, approved and acknowledged in open court and delivered to appellant, and the right of redemption of one year granted appellees under Sec. 12 of Act 248, of the Acts of 1911, had expired before appellees offered to redeem and before the passage of Act 43, of the Acts of 1915. It can with safety be said that appellant in this case acquired vested rights in the land by virtue of his purchase before the passage of Act 43 of Acts of 1915. The act in question did not take effect until four months after appellees' right to redeem had expired under the Act of 1911. The language of the act is broad, but it does not contain any specific clause that it shall relate back or be retroactive in its effect. Under the rule of construction adopted by this court in former cases, we can not give the act retroactive effect so as to divest vested rights. *Crittenden* v. *Johnson,* 14 Ark. 447; *St. L., I. M. & S. Ry. Co.* v. *Alexander,* 49 Ark. 190; *Fayetteville B. & L. Assn.* v. *Bowlin,* 63 Ark. 573; *Beavers* v. *Myar,* 68 Ark. 333; *Rankin* v. *Schofield,* 70 Ark. 83.

For the errors indicated, the decree is reversed and the cause remanded with instructions to enter a decree in accordance with this opinion.