## American Oak Leather Company v. Cleveland, Cincinnati, Chicago & St. Louis Railroad Company.

(Decided November 16, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Courts.—State courts, in construing and interpreting federal statutes, follow the federal courts.
2. Statutes.—Generally all statutes will be considered prospective, and not retrospective, unless expressly stated, or required by necessary implication.
3. Carriers.—Where time for action for loss or damage to shipment under bill of lading had expired before enactment of Transportation Act, section 206(f), right of action was not revived by reason thereof.
4. Carriers.—Transportation Act, 1920, section 206 (f), refers to statutory periods of limitation, and not to contractual periods.
5. Estoppel.—Party is estopped to assert contractual limitation, where he induces the other party to delay commencing suit.
6. Estoppel—Allegation that Railroad was Estopped to Rely on Limitations by Inducing Shipper to Delay Action Held, as Against General Demurrer, Not Supported by Letters of Date After Limitation had Run.—Amended reply, alleging railroad had estopped itself to rely on limitation in bill of lading by reason of having induced shipper to delay action, held, as against demurrer, not supported by letters attached, bearing date after limitation had run.

THOMAS C. MAPOTHER and ALLEN P. DODD for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and LOUIS SEELBACH, JR., for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal is from a judgment entered in the Jefferson circuit court dismissing the petition, after a demurrer had been sustained to the reply as amended, and the plaintiff, now appellant, declined to further plead. We must, therefore, determine whether the reply was subject to demurrer.

Appellant leather company sued the Cleveland, Cincinnati, Chicago & St. Louis Railway Company to recover $655.11 for loss and damage to a shipment of 75 barrels of cod liver oil consigned at Boston to appellant in Louisville, on the 4th of August, 1917, and on the 12th of that month received in Louisville, in part, two barrels having been totally lost and thirty-four others damaged so that 723 gallons of the oil was missing. Its reasonable value at the time was alleged to be eighty-three cents (83c) per gallon. In addition to the foregoing facts appellant averred in its petition "that after it had 'ascertained its loss as aforesaid, and on the proper forms and on the 22nd day of September, 1917, it filed its claim duly verified with the defendant company, together with the original bill of lading, paid freight bill and copy of invoices showing its loss and damage as aforesaid, and that although the defendant company kept and retained all of its papers for a period beginning September 22, 1917, and ending April 19, 1920, yet the said defendant company wholly failed and refused to pay to the plaintiff its damages as aforesaid or any part thereof, but that the said sum of $624.99 remains wholly due and unpaid."

An item of $23.62 alleged to be an excessive freight charge is included in the $655.11 sought to be recovered.

The answer of the appellee, railroad company, admitted the shipment of the cod liver oil, averring "that on August 4, 1917, 75 barrels of cod liver oil were shipped by George J. Tarr Company from Gloucester, Massachusetts, to Louisville, Kentucky, consigned to American Oak Leather Company. Said shipment was delivered to the Boston & Gloucester Steamship Company, which company issued its bill of lading therefor, and the said bill of lading is filed with and made a part of the petition marked 'Exhibit A.' The defendant says that the said 75 barrels of cod liver oil were delivered by the Boston & Gloucester Steamship Company to the Boston & Albany Railroad Company and in turn delivered by the lat-

ter company to the defendant, and the defendant transported the shipment to Louisville, Kentucky, and delivered the same to the plaintiff on September 12, 1917."

As bar to appellant's right to recover for the loss of part of the shipment, appellee railroad averred:

"That the shipment of 75 barrels of cod liver oil mentioned in the petition was an interstate shipment from Boston, Massachusetts, to. Louisville, Kentucky, and was governed by the provisions of the federal act to regulate commerce.

"In section 3, paragraph 3, of the bill of lading covering the said shipment, which bill of lading is attached to and made a part of the petition marked 'Exhibit A,' it is provided as follows:

" 'Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within six months after delivery of the property . . . or, in case of failure to make delivery, then within six months . . . after a reasonable time for delivery has elapsed; and suit for loss, damage on delivery shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed.'

"The defendant says that, although the said shipment of cod liver oil was delivered to the defendant in Louisville, Kentucky, on September 12, 1917, suit was not filed on the claim by the plaintiff until May 14, 1920, which date was more than two years and one day after the delivery of the said shipment to the plaintiff at Louisville, Kentucky."

Replying, appellant, leather company, admitted that the shipment in question was one in interstate commerce and governed by the law regulating interstate shipments, and allegd that "under said federal Interstate Commerce Act the Interstate Commerce Commission is vested with power and authority to determine the reasonableness and unreasonableness, legality and illegality of rates, rules, regulations, contracts, classification and tariff pro-

visions of interstate carriers engaged in and covering movements of interstate traffic.''

Further replying, appellant averred that the Interstate Commerce Commission, in considering and construing the uniform bill of lading of carriers with respect to the time in which suits must be brought for loss and damage to shipments, held the limit of two years and one day ''to be unreasonable, unjustly discriminatory, unduly prejudicial, and in violation of subsection 6 of section 1 of the Interstate Commerce Act, requiring just and reasonable regulations and practices affecting classifications, rates and tariffs, and the issuance, form and substance of tickets, receipts and bills of lading. That carriers alter and modify the terms of said bills of lading as to the period of limitation within which suits could be brought thereunder so as to require said period of limitation to run or begin running from the time when claims of shippers under said bills of lading had been definitely declined in writing by the carrier.''

Appellant further alleged in its reply that appellee railroad company ''agreed and promised in writing to pay the claim asserted by plaintiff in its petition herein on a basis of sixty-five per cent (65%) of its value as then compiled; and that said defendant company did not finally decline in writing the payment of plaintiff's claim in full until April 19, 1920, and within 'thirty days of the time of the filing of plaintiff's original petition herein. And plaintiff further states that said defendant did not decline in writing any part of said claim, or give notice in writing to this plaintiff that it had disallowed the claim or any part or parts thereof within two years prior to the date on which this suit was brought as shown by the record herein.''

In avoidance of the provisions of the federal Act to Regulate Commerce and the provisions of the bill of lading pleaded and relied on in appellee railroad company's answer, appellant, leather company, set up section 438 of the Transportation Act of 1920, reading:

> ''Sec. 438. The third proviso of the eleventh paragraph of section 20 of the Interstate Commerce Act (not counting the proviso added by section 437 of this act) is hereby amended to read as follows:
>
> '' 'Provided, further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for

giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice.' "

Also subsection F of section 206 of the same act, reading:

"The period of federal control shall not be computed as a part of the period of limitation in actions against carriers or in claim for reparation to the commission for causes of action arising prior to federal control."

Federal control of railroads did not begin until December 31, 1917, while the shipment in question was received in Louisville, but not delivered, on August 12, 1917. Federal control terminated March 1, 1920. On April 19, 1920, appellee railroad company disallowed the claim of appellant in part and suit was commenced May 14, 1920. It thus appears that the claim sued by appellant, leather company, originated and was actually presented to appellee before federal control became effective. If, therefore, subsection F of section 206 of the Transportation Act of 1920 is operative under the facts, limitation had not barred appellant's claim at the time suit was instituted in May, 1920, for the whole period of federal control must be excluded in making the computation.

Appellee railroad company insists that the decision of the Interstate Commerce Commission in the case of Decker & Sons v. Director General (55 I. C. C. Rep. 453) had no effect on a shipment made before that decision. And further, that the Transportation Act of 1920 changing the time for the contractual period of limitations to begin to run had no effect on a shipment moving before the passage of that act. It says that section 206 (f) of the Transportation Act of 1920 refers to state and federal periods of limitation and not to contractual periods of limitation. And that under the Interstate Commerce Act, a carrier cannot waive any defense which it has available to it under the contract of shipment.

On the other hand, appellant, leather company, insists that subsection A of the Transportation Act has

reference only to causes of action arising under federal control and was not intended to and does not, in fact, apply to the same state of case which subsection F of the same act was intended to cover.

The shipment involved in this action was in interstate commerce and controlled by the Acts of Congress regulating such shipments. In the construction and interpretation of such statutes the state courts follow the federal courts. The shipment was received in Louisville September 12. The enactment of section 206-F of the Transportation Act was in 1920, some five or six months after the period of two years and one day, fixed in the bill of lading, for the commencement of an action, had expired.

It is a general rule that all statutes will be considered prospective and not retrospective unless they contain language expressly or by necessary implication requiring that they be held to be retrospective. Fullerton-Krueger Lumber Company v. Northern Pacific Railway Company, 45 Supreme Court Reporter 143.

Since the full period for the bringing of an action for loss or damage to a shipment, as fixed in the bill of lading, had expired before section 206-F of the Transportation Act became a law, it could not reach back and revive the right of action in favor of the Oak Leather Company. The difficulties of the case arise out of the construction of the federal statutes to which we have referred and the application thereof to contractual periods of limitation such as expressed in the bill of lading. If the federal statutes allowing a shipper to leave out of his computation of time the period of federal control of railroads could be applied in this case, the action of the Oak Leather Company would have been in time, but as those statutes have not been applied to contractual periods of limitation and the two year period fixed in the bill of lading had expired before the suit was commenced, the plea of limitation of the railroad company was valid, and the lower court did not err in sustaining a demurrer to appellant's reply in avoidance of the plea of limitation. The federal courts have considered this question numerous times and have held that the period of federal control was not to be eliminated in computing the period of limitation provided for in a bill of lading where the cause of action arose prior to federal control. New York Central v. Lazarus, 278 Fed. 900; Leigh Ellis Co. v.

Davis, 260 U. S. 682; Fullerton Krueger Lumber Company v. Northern Pacific Railway Co., 45 Supreme Court Reporter 143. The state courts have followed the federal courts. Thomas Canning Company v. Southern Pacific Co., 219 Mich. 388. In the light of the foregoing opinions construing the federal acts we are constrained to hold that section 206-F of the Transportation Act, 1920, refers to statutory periods of limitation and not to contractual periods of limitation, from which it follows that the appellant, Oak Leather Company, was obliged to commence its action on the claim for loss of the cod liver oil within the time fixed in the bill of lading, two years and one day after the cause of action accrued to it, and its failure to do so was fatal when the question was seasonably presented by a plea of limitation, as was done in the answer.

The leather company insists, however, that its failure to institute the action within the two year period was induced by the acts and conduct of the railroad company and that the railroad company cannot now take advantage of the delay. The rule is well established that a party is estopped to assert the contractual limitation where he induces the other party to delay commencing suit. 37 C. J. 729; Columbia Security Co. v. Aetna Accident Co., 108 Wash. 116. In the amended reply it is pleaded that the delay in instituting an action was at the request of the railway company and but for that request the suit would have been commenced before the expiration of the two year period; that after the leather company presented its claim for loss to the railroad company through its claim agent, the railroad company asked for time in which to make investigation and took unnecessary and unreasonable time, and although urged to pay the claim the railroad company failed to do so and begged further indulgence, tacitly promising if time were given in which to make an investigation, and the claim found just, that it would be paid, and that the time was given and the claim found just, but when the two-year period had expired the railroad company declined to pay upon the ground that the claim was then barred. To the amended reply are attached several letters, a part of the correspondence between the leather company and the railroad company concerning the payment of the claim, but all these letters bear date more than two years after the cause of action accrued and do not, therefore, support the averment of the reply to which they are attached, to

the effect that the railroad company had before the falling of the bar begged further time in which to investigate the claim, and thus estopped itself to rely on the statutes of limitation.

For the reasons indicated the judgment of the lower court, sustaining the general demurrer to the reply as amended, is affirmed.

Judgment affirmed.