## Utz, Sheriff, v. Wallace's Administratrix.
## Snyder, Sheriff, v. Same.

(Decided May 19, 1933.)

BAILEY P. WOOTTON, Attorney General, S. H. BROWN, Assistant Attorney General, and BEN H. RILEY for appellants.

JOHN M. LASSING for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

These two appeals, turning on the same facts, are heard together. D. B. Wallace brought these actions against the sheriff of Boone county to restrain him from collecting an assessment of intangible personal property owned by Wallace amounting to about $250,-000. The following agreed statement of facts was filed:

"Sometime prior to 1926, the plaintiff, D. B. Wallace, a resident of Walton, Boone County, Kentucky, and a property owner in Kentucky and also a property owner in the State of Florida, desiring to change his residence from Kentucky to the state of Florida, consulted N. E. Riddell then County Judge of Boone County, Kentucky, as to the legal steps necessary to be taken to make said change and was advised by said Judge that there was no legal step to be taken in Kentucky, that if he desired to become a citizen of the State of Florida he must comply with the laws of that state as to citizenship and that when he became a citizen of the State of Florida he would automatically cease to be a citizen of the State of Kentucky. He thereafter located in the City of Tampa in the State of Florida and having lived for the length of time prescribed by law to entitle him to the rights of citizenship he applied to the board of Registrations and Elections and was given a registration certificate entitling him to vote in any and all elections in said state for the year 1926. He paid his personal tax to the State of Florida for the year 1926, and has annually since said date taken out certificate of registration and paid his personal property tax in the State of Florida. The registration certificates and tax receipts for the years 1926, 1927, 1928 and 1929 were filed by him in a suit instituted by the Commonwealth of Kentucky against him in which

298

suit the commonwealth through its duly accredited revenue agent sought to compel him to list for taxation and pay the tax on certain personal property in Kentucky. He pleaded his residence in the State of Florida and on that issue the case was called for trial when and where the commonwealth failed to offer any proof and the following judgment was entered. 'No proof to sustain the petition was offered by the plaintiff and the defendant produced his registration certificate and also tax receipts showing he had registered and paid the taxes in the State of Florida and the court being advised adjudges that the petition herein and the same is dismissed.'

"The plaintiff spends five or six months of each year at his home in the State of Florida and from six to seven months here in Kentucky, where he owns large holdings of real estate."

The assessments in controversy are those made as of July 1, 1928, and 1929. The act of the Legislature of March 21, 1928, is in these words:

"An Act relating to revenue and taxation, and defining what constitutes 'residence' for purposes of taxation of intangible property.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"§ 1. That any person who has had his actual or habitual place of abode in this State for the larger portion of the twelve months next preceding the date as of which an assessment is due to be made, shall be deemed a resident of this State for the purpose of taxation, and any intangible property which he may own shall be taxable therein, unless on or before that date he has changed his place of abode to a place without this State with the bona fide intention of continuing actually to abide permanently without this State. The fact that a person who has so changed his actual place of abode, within six months from so doing, again abides within this State, shall be prima facie evidence that he did not intend permanently to have his actual place of abode without this State. Such person, so changing his actual place of abode and not intending permanently to continue it without

this State and not having listed his property for taxation as a resident of this State, for the purpose of having his property assessed for taxation within this State shall be deemed to have resided on the day when such property should have been so assessed, at his last actual or habitual place of abode within this State. The fact that any person whose actual or habitual place of abode during the greater portion of such twelve months has been within this State, does not claim or exercise the right to vote at public elections within this State, shall not of itself constitute him a non-resident of this State within the meaning of this section.

"All laws or parts of laws in conflict herewith are hereby repealed." Acts 1928, p. 451, c. 131. (Ky. Stats. sec. 4020a-1).

The circuit court entered judgment in favor of Wallace, and the sheriff appeals.

The reasons for the ruling of the circuit court are thus stated:

"The Court finds that the plaintiff, D. B. Wallace is and has been at all times since 1926 a non-resident of the State of Kentucky and a resident of the State of Florida and as such is not liable for any tax on intangible personal property in the State of Kentucky. The fact that a non-resident of the State of Kentucky spends the better portion of each year in this state can not have the effect of depriving him of his citizenship in another state and the act of the legislature, Kentucky Statutes, § 4020a-1, Acts 1928, c. 131, can not have the effect of depriving a citizen of another state of his residence in that state and in fact we do not understand from the reading of said act that such was its purpose. That act was intended as an aid to the taxing officers to determine the situs of intangible personal property for taxation where the citizenship of its owner was in question, but where the citizenship is clearly shown the provisions of the acts above referred to are not applicable."

All statutes will be generally considered prospective and not retrospective, unless expressly so stated or required by necessary implication. Com. v. Paynter,

222 Ky. 766, 2 S. W. (2d) 664, American Oak Leather Co. v. Cleveland, etc., R. R. Co., 216 Ky. 611, 288 S. W. 347. There is nothing in the act showing that it was intended to operate retrospectively. It provides that one who has had his actual or habitual place of abode in this state for the larger portion of the twelve months next preceding the date as of which an assessment is due to be made shall be deemed a resident of this state for the purpose of taxation. The assessments in controversy here were due to be made as of July 1, 1928, and 1929. While the agreed statement of facts shows that the plaintiff spends five or six months of each year at his home in the state of Florida and from six to seven months here in Kentucky, it does not show that within the year preceding July 1, 1928, or July 1, 1929, he did not spend as much as six months in Florida. The act also provides that, if a person who has so changed his actual place of abode within six months from so doing again abides within this state, this shall be prima facie evidence that he did not intend permanently to have his actual place of abode without this state. There is no showing that Wallaec within six months after he made his abode in Florida returned to this state and abided here. In addition to this, the act only makes this fact prima facie evidence, and the facts agreed here are sufficient to overthrow the presumption; for Wallace had been a registered voter, and had paid taxes as such in Florida since 1926, and there is nothing in the facts warranting the conclusion that he did not in good faith change his abode to Tampa, Fla., in 1926.

Judgment affirmed.