Grieb, County Clerk, v. National Bank of Kentucky's Receiver et al.

Grieb, County Clerk et al. v. National Bank of Kentucky's Receiver.

(Decided Dec. 5, 1933.)

LAWRENCE J. MACKEY for appellant M. J. Brennan.

HARRIS COLEMAN, HERMAN HANDMAKER, BAILEY P. WOOTTON, Attorney General, and W. R. ATTKISSON, Assistant Attorney General, for other appellants.

CARY TABB and PETER LEE, TABB, KRIEGER & HEYBURN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming on original appeals and reversing on cross-appeal.

The question for determination herein on these two appeals is the right of A. M. Anderson, receiver of the National Bank of Kentucky, to redeem land sold for taxes by paying the taxes, interest, and penalty under the Act of 1932, c. 142.

Certain real estate situated in the city of Louisville, Jefferson county, regularly assessed for state and county taxes, was sold by the sheriff of Jefferson county in the years 1929, 1930, 1931, and 1932, for the purpose of paying the taxes thereon for the years 1928, 1929, 1930, and 1931, respectively, and, receiving no bid, it was bid in for the state at each of the sales. Section 4151-2, Ky. Stats.

In an action of Manuel Faust v. General Realty Corporation and Paul C. Keyes, receiver of the National Bank of Kentucky, the property was sold by the master commissioner pursuant to a judgment of the court, in August, 1932, to enforce a lien on the land when it was bought by the receiver at two-thirds of its appraised value. Desiring to redeem the land he filed this action for a judgment declaring his right to redeem it under the act of 1932, and the right of the county clerk and revenue agent to collect only the interest and penalty, under the Act of 1932, and to define their duties respecting the redemption of the land.

It is insisted by the receiver that the Act of 1932 (c. 142, Acts of 1932, p. 670) exclusively controls his right to redeem the land sold for the county and state taxes and bought in by the sheriff for the county and state for the years 1928, 1929, 1930, and 1931, respectively, by paying the taxes, interest, and penalty as prescribed therein. The county clerk and the revenue agent contend that sections 4151-2, 4154, Ky. Stats.,

which were in operation at the date of the tax sales, control the right of redemption of the owner and prescribe their duties in relation thereto and fix the amounts, the rate of interest, and penalty, which they should collect of the owner, on his redeeming the land.

The revenue agent claims that he is entitled to a 20 per cent. penalty instead of 15 per cent. provided for in section 4260-1, Ky. Stats. It is the receiver's position that "the revenue agent is entitled to no penalty at all since he has never advertised or sold any of the real estate, and in no event is he entitled to more than 15% penalty." The circuit court decreed that the interest and penalties provided for in the act of 1932 control on redeeming of the property for taxes for all the years involved, except as to the penalty for 1928 and 1929 taxes, and that the county clerk was the proper person to collect the redemption money with no penalty for the years 1931 and 1932 for 1930, but that the revenue agent was entitled to a penalty of 15 per cent. of the amount paid by the owner necessary to redeem the property for 1928 and 1929 taxes.

The county clerk and revenue agent have appealed. The receiver prosecutes a cross-appeal, insisting that the act of 1932 lengthened the period of redemption to five years without regard to whether the two-year period of redemption allowed by section 4151-2 had expired. The contrary is insisted by the clerk and the revenue agent. The latter also vigorously urge that "the collection of delinquent taxes on real estate; i. e., taxes delinquent prior to the passage of the Act of 1932, cannot be enforced under the provision of the Act of 1932," but that the right of redemption and liability for interest and penalties are controlled entirely by section 4151-2 and 4154. They argue that, prior to the act of 1932, the two years following the sheriff's sale for county and state taxes had expired; that the title had vested in the state, "and before it revests in the original owner, the revenue agent is required to collect all taxes accumulated thereon after the sale. In other words, if the real estate was sold for the 1928 taxes and title vested in the state in 1931, the revenue agent could not release same and re-vest title in the owner, unless he also paid taxes accumulated; that is, in this case, for 1928, 1929, 1930 and 1931." They rely on section 4074, which reads:

756

"Redemption of lands sold for taxes.—That the owners of all such land that has heretofore been sold, or may hereafter be sold, and purchased by the state for taxes due thereon, shall be required to pay, in addition to the amount said lands were sold for, all taxes accumulated thereon after the sale of the same to the date of redemption, to the. officers now required by law to receive it."

They argue that after the title vests in the state the property should not thereafter be assessed in the name of the original owner, otherwise section 4075, which reads as follows, would be meaningless:

"Lands redeemed; clerk to certify to assessor.— That whenever the owners of said land shall redeem same, as provided in [sec. 34] sec. 4074 of article two of this chapter, it shall be the duty of the clerk of the county court to certify said redemption to the assessor of the county, whose duty it shall be to list the same for taxation."

In support of this argument they cite James, Auditor, et al. v. Blanton et al., 134 Ky. 803, 121 S. W. 951, 123 S. W. 328; Sections 459 and 465, Ky. Stats.; Com. v. Paynter's Adm'r, 222 Ky. 766, 2 S. W. (2d) 664; Section 171 Const.; Tug River Coal Co. v. Brewer, 91 Ky. 402, 15 S. W. 1117, 13 Ky. Law Rep. 1; Section 52 Const.; City of Louisville v. Louisville Ry. Co., 111 Ky. 1, 63 S. W. 14, 23 Ky. Law Rep. 390, 98 Am. St. Rep. 387; Reed v. Bates, 115 Ky. 437, 74 S. W. 234, 24 Ky. Law Rep. 2312.

Lastly, they argue that the act of 1932 should not be given a retroactive effect, since it does not expressly declare that such shall be given it. To sustain this argument they cite Dunlap v. Littell, 200 Ky. 595, 255 S. W. 280; Greene v. Frankfort Distillery Co., 209 Ky. 427, 273 S. W. 28; Shanks v. Board of Education, 221 Ky. 471, 298, S. W. 1111; American O. Co. v. C., C. & St. L. Ry. Co., 216 Ky. 611, 288 S. W. 347; Ferlage v. Supreme Tribe of Ben Hur, 153 Ky. 465, 156 S. W. 139; L. & N. R. Co. v. Mottley, 133 Ky. 652, 118 S. W. 982; Louisville Water Co. v. Com., 34 S. W. 1064, 18 Ky. Law Rep. 2; 29 C. J. 738; Collier v. Smith et al., 132 Ark. 309, 200 S. W. 1008; Cooley on Taxation (3d Ed.) 1030; Black on Tax Titles, sec. 175; Blackwell on Tax Titles (5th) page 729; 37 Cyc. 1542; Utz v. Wallace's Adm'x, 249 Ky. 296, 60 S. W. (2d) 614.

The act of 1932 was passed by the General Assembly on the —— day of March, 1932. On a later date at the same session, an act was passed (Acts 1932, c. 156) authorizing the Governor of the commonwealth by proclamation to lengthen or delay the time of payment of taxes and interest on taxes "in case of continued unemployment due to any and all economic changes."

It is an accepted rule that the courts always take judicial knowledge of existing economic conditions and the heroic efforts which are being made by governmental agencies to relieve businesses and taxpayers of their destructive consequences. Atchison, T. & S. F. Ry. Co. v. U. S., 284 U. S. 248, 52 S. Ct. 146, 76 L. Ed. 273.

This court in two cases has recognized the existence and prevalence of the present economic depression. Leeper Oil Co. et al. v. Rowland, 239 Ky. 295, 39 S. W. (2d) 486; Collopy v. Dorman, Banking & Securities Commissioner, 250 Ky. 513, 63 S. W. (2d) 610.

It is a matter of general knowledge that, during the prevalence of the existing oppressive economic conditions, there were, prior to the enactment of the act of 1932, many sales of land of taxpayers for the payment of their taxes for the years 1928, 1929, 1930, 1931, and 1932.

It must be presumed that the Legislature was cognizant of the general effect of these sales, when it enacted the act here involved. The court in construing every act, and declaring its effect, should effectuate the obvious intention of the Legislature; and this doctrine applies with special force when it is apparent its intention conserves a wholesome purpose. Grinstead v. Kirby, 110 S. W. 247, 33 Ky. Law Rep. 287.

In ascertaining the legislative intent, we are authorized by the prevailing rules of construction to look to the mischief the act was intended to remedy, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law, and all other prior and contemporaneous facts and circumstances that throw intelligent light on the intention of the Legislature. Sewell v. Bennett, 187 Ky. 626, 220 S. W. 517; Burdine v. White, 173 Ky. 158, 190 S. W. 687; Brown v. Thompson, 14 Bush, 538, 29 Am. Rep. 416.

The general conditions at the date of the enactment, and the mischief intended by the Legislature to be remedied by it, the reasons for it, its object and purpose, are competent to be considered in arriving at the legislative intention of the enactment. Lanferman v. Vanzile, 150 Ky. 751, 150 S. W. 1008, Ann. Cas. 1914D, 563; Stanley v. Townsend, 170 Ky. 833, 186 S. W. 941; Goodpaster v. U. S. Mortgage Bond Co., 174 Ky. 284, 192 S. W. 35; Miller v. Feather, 176 Ky. 268, 195 S. W. 449; Com. v. Barnett, 196 Ky. 731, 245 S. W. 874; Com. v. Kirk, 212 Ky. 646, 279 S. W. 1091, 44 A. L. R. 16; Kirkman v. Williams' Ex'r, 246 Ky. 481, 55 S. W. (2d) 365.

The intendment and purpose of the act of 1932, extending the period of redemption of land sold for taxes, were to relieve the taxpayers of the burden which was upon them, because their property had been sold for taxes prior to the date of the new act, on account of the prevailing economic conditions. Such Legislative intent must be neither disregarded nor overlooked. Unless such effect is given it, or if it be otherwise construed, those taxpayers whose land was sold before its enactment will be deprived of the right of redemption under section 4251-2, because of its repeal. State Board of Charities, etc., v. Louisville Tobacco Warehouse Co., 113 Ky. 630, 68 S. W. 662, 82 S. W. 1141, 23 Ky. Law Rep. 2423.

It is a prevailing rule that statutes, conferring the privilege or right of redemption, should be liberally and benignly construed. State of Mont. ex rel., etc., v. McCollough, 85 Mont. 435, 279 P. 246, 66 A. L .R. 1033; Corbett v. Nutt, 10 Wall. 464, 19 L. Ed. 976; Dubois, etc., v. Hepburn, 10 Pet. 1, 9 L. Ed. 325; State ex rel. Federal Land Bank v. Hays, 86 Mont. 58, 282 P. 32.

The statutory right of the owner to redeem land sold for taxes and purchased by the state is no more nor less than a grant to him of the exclusive right to purchase it back from the state, within a limited time, according to the terms fixed by the redemption statute.

In the absence of a constitutional inhibition, it is within the discretion of the Legislature to create anew, or to extend, the right of redemption, for a period of five years, where the state has become, or is, the purchaser of land sold for taxes, where no contractual

rights of third parties are involved. The constitutional validity of the act under review was determined in Russell, Sheriff, v. County Board of Education, etc., 247 Ky. 703, 57 S. W. (2d) 681.

There is a fundamental reason for, and a clear distinction between, an act conferring the privilege and right on an owner to redeem land sold for taxes and purchased by the state and where it so sold and purchased by another. In the latter case, contractual rights of the purchaser exist, which cannot be abridged, altered, or affected by subsequent retroactive legislation; whereas, in the former, no such rights are involved, and the state and the owner are free agents to deal with each other, in conformity with the statutes in force at the time the right of redemption is exercised by the former.

Where the state becomes the purchaser, the taxpayer ceases to be a delinquent and may not be sued for the taxes, as for a personal debt for taxes, for, after the sale and purchase by the state, the taxpayer is not personally, but the land alone is, liable for the taxes. Carrier Lumber & Mfg. Co. v. Quitman County, 156 Miss. 396, 124 So. 437, 125 So. 416, 66 A. L. R. 614; McLaran v. Moore, 60 Miss. 376; Winchester v. Stockwell, 76 N. H. 193, 81 A. 526; Ness County v. Hopper, 110 Kan. 501, 204 P. 536.

So long as the state and the owner, only are interested therein, it should require neither authority nor reason to sustain the statement that the state through its Legislature either may create the right and fix the time, or extend the time, during which the owner shall have the exclusive right to purchase it back, i. e., redeem it as per the prescribed terms of the statute. For an exemplification, see Commissioners of Tippecanoe County v. Lucas, 93 U. S. 108, 23 L. Ed. 822; Essex Public Road Board v. Shinkle, 140 U. S. 334, 11 S. Ct. 790, 35 L. Ed. 446; State v. Smith, 36 Minn. 456, 32 N. W. 174; Walker v. Ferguson, 176 Ark. 625, 3 S. W. (2d) 694; State v. Lawler, 53 N. D. 278, 205 N. W. 880; Pace v. Wight, 25 N. M. 276, 181 P. 430; Gossett v. Fordyce Lbr. Co., 181 Ark. 848, 28 S. W. (2d) 57; McIver Abstract Co. v. Slaton, 178 Ark. 632, 11 S. W. (2d) 447; Becker v. Bell, 178 Ark. 1199, 11 S. W. (2d) 449; Crawford v. Dillard, 26 N. M. 291, 191 P. 513; Warner v. Pile, 105 Kan. 724, 185 P. 1041; State v. Romero, 25 N. M.

290, 181 P. 435; Negus v. Yancey, 22 Iowa, 57; Annotations, 1 A. L. R. 143.

An illustrative example in case the land of the taxpayer is purchased at the collector's sale for taxes by one other than the state, see 2 Cooley on Taxation (3d Ed.) 1030; Black on Tax Titles, sec. 175; Blackwell on Tax Titles (5th Ed.) page 729; 29 Corpus Juris, 738; Collier v. Smith et al., 132 Ark. 309, 200 S. W. page 1008. These authorities are cited by the county clerk and the revenue agent. To this list may be added Hogg v. Nichols, 134 Ark. 280, 204 S. W. 211; Lawrence v. Defenbach, 23 Idaho, 78, 128 P. 81; Hull v. State, 29 Fla. 79, 11 So. 97, 16 L. R. A. 308, 30 Am. St. Rep. 95; Solis v. Williams, 205 Mass. 350, 91 N. E. 148; Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; Dikeman v. Dikeman, 11 Paige (N. Y.) 484; State ex rel. Waldo v. Fylpaa, 3 S. D. 586, 54 N. W. 599. The same is true, a fortiori, where the original time for redemption expired before the statute took effect.

The clerk and the revenue agent interpose section 465, Ky. Stats., as the basis of an argument that the act of 1932 may not be construed to operate retrospectively. In support of this contention they cite Shanks v. Board of Education, 221 Ky. 471, 298 S. W. 1111; American Oak Leather Co. v. C., C. & St. L. R. R., 216 Ky. 611, 288 S. W. 347; Ferlage v. Supreme Tribe of Ben Hur, 153 Ky. 645, 156 S. W. 139; L. & N. R. Co. v. Mottley, 133 Ky. 652, 118 S. W. 982; Louisville Water Co. v. Commonwealth, 34 S. W. page 1064, 18 Ky. Law Rep. 2. They especially urge the case of the Louisville Water Co. v. Commonwealth, as controlling.

Ordinarily, the repeal and simultaneous re-enactment of substantially the same statutory provision is to be construed not as an implied repeal of the original, but a continuation thereof.

Accepting this general rule, the Act of 1932, c. 142, must be regarded as a continuation of section 4151-2. And where land was sold for taxes under the latter, the right of redemption thereunder being equivalent to an offer to the owner for whose taxes it was sold, and purchased by the state, to buy back the land so sold and purcahsed, on the terms and at the price therein fixed, the act of 1932 is essentially a withdrawal of the offer, authorized by section 4152-2, and the making by the

state of an accordant, but less onerous, proposition to the owner and extending the time in which he may accept it or omit to accept it. State Board of Charities, etc., v. Hays and Pannell v. Louisville Tobacco Warehouse Co., supra.

Viewing the act of 1932 in this light, it is in no sense retroactive in its operation.

Section 52 of the Constitution is presented as a barrier against the Act of 1932. Section 52 deprives the Legislature of the power to release, extinguish, or authorize, in whole or in part, the releasing of an indebtedness or liability of any character of the commonwealth or municipality.

The act of 1932 does not contravene or transgress section 52.

The sale of land for the payment of the owner's taxes and the bidding therefor by the state constitute a payment as far as the owner is concerned, and thereafter the land alone is liable, with no further personal liability of the owner; therefore the act of 1932 (c. 142), by merely extending the time of redemption or the right of the owner to buy it back from the state as per the terms therein prescribed, neither released nor authorized the releasing of an indebtedness or liability of the commonwealth or the county within the meaning of these terms as they are used in section 52.

During the existence and continuation of the period of redemption as extended by the act of 1932, the revenue agent is without statutory authority to assume charge of the collection by sale or otherwise of the taxes for either of the years for the payment of which the land was sold. Aside from this, the order of the state tax commission attempting to confer authority on him to assume charge of the collection by sale or otherwise of the taxes for the years 1928, 1929, 1930, and 1931 was not entered until in March, 1933, long after the beginning of the operation of the act in 1932. At that time the extended period of redemption was existing. Therefore the revenue agent, under the order of the state tax commission of March, 1933, was without authority to assume charge of the collection by sale or otherwise of the taxes for either of those years. Section 4074, Kentucky Statutes, is not here involved. For this reason it is not discussed.

Collateral questions are debated in the briefs of the parties, a consideration of which is not necessary to a correct disposition of the case.

Wherefore, the judgment in both cases are affirmed on the original, and reversed on the cross-appeal in second case for proceedings consistent herewith.

Whole court sitting.